DECISION AND JOURNAL ENTRY
On the motion of the defendants, Joseph Wagner, John Popa, James Hayas, and the Brunswick Board of Education, the Medina County Court of Common Pleas dismissed the suit brought against them by Gregory Oliver, who alleged defamation and tortious interference with contracts and business relationships. Oliver has appealed this dismissal.
Oliver has assigned as error that the trial court improperly dismissed (1) his claims against Wagner for tortious interference with contracts or business relationships and for defamation on the basis that Wagner was protected by sovereign immunity; (2) his claim against Hayas for tortious interference with business relationship on the basis that Hayas was protected by sovereign immunity; and (3) his claim against Popa as time barred.[1]
Oliver has not challenged the dismissal of his claims against Brunswick.
 I
Oliver brought suit against the Brunswick Board of Education ("Brunswick"), Joseph Wagner a member of the board, John Popa a member of the board, and James Hayas the superintendent of Brunswick. The caption of the complaint named Wagner, Popa, and Hayas as defendants, without reference to their positions within the school district. Oliver asserted that Wagner interfered with contracts or business relationships with Brunswick, the New Philadelphia School District ("New Philadelphia"), and the Groveport School District ("Groveport"). He also claimed that Wagner defamed him. He asserted that Hayas tortiously interfered with his contract with New Philadelphia. Finally, he alleged that Popa had interfered with his contract with Brunswick.
Brunswick employed Oliver as the high school principal in November 1992. He informed two Brunswick officials at the time of his hire that a friend of his had been murdered and that he had been cleared of any involvement in the crime. He also told them that the perpetrator of the crime had been identified and convicted. Later, he learned that Wagner had conducted his own private investigation into Oliver's background. After the investigation, Oliver overheard Wagner telling two women that Oliver was a suspect in an unsolved murder. He also heard indirectly that Wagner had told others that Oliver had been "fired for cause" by his prior employer.
In April 1995 Oliver's contract was renewed for a single year, rather than a multiple year period. Wagner voted against any extension of Oliver's contract. Several conflicts between Hayas, Wagner and Oliver erupted during the remainder of the school year. One of the conflicts culminated in mediation by an external mediator. Oliver asserted that he resigned before the next school year "under duress" as a result of the actions of Wagner and the other two defendants.
Oliver was then hired as principal of New Philadelphia High School. According to Oliver, Wagner spread "lies and half-truths" about him in New Philadelphia. As a "result of Wagner's conduct" Oliver "encountered serious difficulties" in his new employment and decided to resign this position, as well.
Oliver then moved to Groveport, accepting a position as assistant principal. Oliver asserted that Wagner continued to persecute him by contacting the chief of police and a member of the Groveport Board of Education. Among other things, Oliver said that Wagner told these individuals that Oliver was a suspect in a murder case and had demanded a $250,000 buyout of his Brunswick contract, even though Wagner knew these statements were false. Oliver also asserted that Wagner contacted members of the local media and "spread false and vicious rumors" about him. According to Oliver, as a result of Wagner's statements he "sustained serious damage to his reputation [and] has endured great pain and suffering of body and mind[.]"
Oliver also brought a claim for tortious interference with business relationship against Hayas with respect to his employment in New Philadelphia. Oliver's complaint included numerous statements about Hayas' wrongful actions in Brunswick during the last three months of Oliver's contract there, which may indirectly relate to his claim against Hayas. His assertions, as they relate specifically to the New Philadelphia business relationship, are that Hayas acted in concert with Wagner to interfere with his contract with New Philadelphia by reporting "falsehoods and half-truths to that Board," and that as a result of Hayas' and Wagner's conduct he "sustained great pain and suffering of body and mind and has incurred substantial economic damages."
As for Popa, Oliver said in his complaint that Popa was unhappy with the girls' basketball coaches, who were under Oliver's supervision. According to Oliver, Popa felt that the coaches were not playing Popa's daughter enough and demanded that Oliver recommend that the coaches be relieved of their duties or face "non-renewal of his own contract." In the contract vote mentioned above, Popa voted to renew Oliver's contract for a single year because, according to Oliver, Popa "was concerned that [Oliver] could embarrass him regarding his demands in relation to his daughter."
As of the date of the complaint, Oliver was working in Groveport and was to be promoted to principal within a few days.
Although Oliver named Brunswick as a defendant, he did not make any claims against Brunswick and has not asserted any errors related to the dismissal of his complaint against them.
 II
Initially we note that the primary basis for dismissal of all the claims was the defendants' assertion that they were protected by sovereign immunity. Sovereign immunity is an affirmative defense. BCL Enterprises, Inc. v. Ohio Dept of Liquor Control
(1997), 77 Ohio St.3d 467, 471. Parties are required to affirmatively set forth, in a responsive pleading, any matter constituting an affirmative defense. Civ.R. 8(C). That requirement is repeated in Civ.R. 12(B). Civ.R. 12(B) also provides that seven additional defenses, including failure to state a claim on which relief can be granted, may be asserted prior to a responsive pleading. The Supreme Court of Ohio has held specifically that the affirmative defense of res judicata may not be raised by motion pursuant to Civ.R. 12(B) because it is not one of the defenses enumerated in Civ.R. 12(B). State, ex rel.Freeman, v. Morris (1991), 62 Ohio St.3d 107, 109. Similarly, the affirmative defense of sovereign immunity is not one of the defenses which Civ.R. 12(B) specifically permits to be raised by motion before a responsive pleading. Because of this, dismissal pursuant to Civ.R. 12(B) is not appropriate on the basis of a defendant's assertion of sovereign immunity.[2]
Oliver's Claims Against Wagner
Tortious Interference With Business Relationship/Contract
 "The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." Fred Siegel Co., L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, paragraph one of the syllabus. Tortious interference with a business relationship is similar but occurs when the result of the interference is not breach of contract, but that a third party does not enter into or continue a business relationship with the plaintiff. A B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995), 73 Ohio St.3d 1, 14.
This court reviews a dismissal pursuant to Civ.R. 12(B)(6) denovo. Hunt v. Marksman Prods., Div. Of S/R Industries, Inc.
(1995), 101 Ohio App.3d 760, 762. Factual allegations in the complaint are accepted as true, and all reasonable inferences are made therefrom in favor of the non-moving party. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. The dismissal will be affirmed if, on review, it appears beyond a doubt from the face of the complaint that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus.
Oliver brought suit against Wagner on the basis that Wagner had tortiously interfered with three contracts or business relationships. Oliver asserted that the actions by Wagner, and others, led to Oliver's resignation from his positions with the Brunswick School District and the New Philadelphia School District, and interfered with his employment relationship with the Groveport School District. The claim against Wagner with respect to the Brunswick contract was dismissed as time-barred, and Oliver has agreed that this dismissal was appropriate.
Taking Oliver's assertions as true, with respect to the New Philadelphia School District, it is reasonable to infer that Oliver was working for New Philadelphia, that Wagner knew of this business relationship, that Wagner specifically intended to interfere with that relationship, that the interference was unjustified, that the interference resulted in "serious difficulties" with New Philadelphia precipitating Oliver's ultimate resignation, and that Oliver was injured by loss of income and status by virtue of the lost business relationship. Assuming the assertions made by Oliver to be true, as we must for purposes of this review, it is not beyond a reasonable doubt that Oliver could not establish facts that would entitle him to relief on his claim of tortious interference against Wagner.
Oliver also asserted that Wagner tortiously interfered with his contract with Groveport. According to Oliver's complaint, Wagner actively attempted to interfere with Oliver's employment in three communities. By Oliver's account, Wagner was successful in forcing a termination of Oliver's employment in two communities. Oliver worked as principal in both Brunswick and New Philadelphia. The position he was hired into in Groveport was that of assistant principal. Taking the factual assertions as true, it is reasonable to infer that because of Wagner's actions which directed at damaging Oliver's employment relationships in general, and the impact of those actions on his job record, Oliver was unable to obtain a position in Groveport that was equivalent to the positions he had previously held. It is not beyond a reasonable doubt that Oliver could establish no set of facts entitling him to relief on his claim that Wagner tortiously interfered with his business relationship with Groveport.
Defamation
 Defamation consists of the unprivileged publication of a false and defamatory statement to a third party that is either actionable per se or causes harm. Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Services, Inc. (1992), 81 Ohio App.3d 591, 601. The publication must be made negligently, or with a greater degree of fault. Id.
Oliver asserted in his complaint that Wagner told individuals in three different communities that, among other things, Oliver was a suspect in an unsolved murder and had been fired for cause by his prior employer. Oliver asserted that these statements were false, and that Wagner made them maliciously and with knowledge that they were false. According to Oliver's complaint, as a result of these defamatory statements his reputation was damaged, he suffered physically and emotionally, and lost substantial income.
Based upon these asserted facts and inferences, it is not beyond a reasonable doubt that Oliver could establish no facts that would entitle him to relief on his claim of defamation against Wagner.
3. Summation of Oliver's Claims Against Wagner
Oliver has not challenged the trial court's dismissal of his claim against Wagner for tortious interference with his Brunswick contract. The affirmative defense of sovereign immunity may not form the basis of a dismissal for failure to state a claim on which relief may be granted. Nor can we affirm the trial court's dismissal of Oliver's claims against Wagner as legally correct on other grounds because Oliver has otherwise stated claims and offered facts which support his assertion that he is entitled to relief on those claims. The dismissal of his claims against Wagner was improper. Oliver's assignments of error related to his claims against Wagner are sustained.
 B. Oliver's Claim Against Hayas
Taking the facts in the complaint as true, it is reasonable to infer that Hayas was aware of Oliver's employment by New Philadelphia and that he acted with Wagner deliberately and without justification to interfere with Oliver's continued employment there by spreading lies and half-truths. It is also reasonable to infer that as a result of those actions Oliver's business relationship with New Philadelphia was damaged beyond repair, precipitating Oliver's resignation followed by his acceptance of a lesser position in Groveport. As with Wagner, Hayas is not entitled to assert the affirmative defense of sovereign immunity via a motion to dismiss for failure to state a claim on which relief may be granted. Oliver's assignment of error related to his claim against Hayas is sustained.
 C. Oliver's Claim against Popa
The trial court dismissed Oliver's claim against Popa as time barred based on R.C. 2744.04(A), which imposes a two year statute of limitations when an individual brings suit against a political subdivision. Like sovereign immunity and res judicata, the statute of limitations is an affirmative defense that must be affirmatively pled, pursuant to Civ.R. 8(C) and is not subject to being asserted in a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).[3] The trial court's dismissal of the claims against Popa was not proper on that basis.
If there is any proper basis for affirming the trial court decision, however, this court must do so. Agricultural Ins. Co.v. Constantine (1944), 144 Ohio St. 275, 284. In this case Oliver has asserted that Popa interfered with his contract with Brunswick. We have previously noted that it is axiomatic that one cannot interfere with a contract to which one is a party. SeeGarg v. Venkataraman (1988), 54 Ohio App.3d 171, 174. At least with respect to a claim of tortious interference with contract, members of the school board are parties to the contract between a school district and each of its employees. See Christian v.Twinsburg City School Dist. (Sept. 7, 1988), Summit App. No. 13516, unreported, at 9.
In his complaint, Oliver alleged that Popa interfered with his contract with the Brunswick Board of Education. Popa, at the time of the actions complained of, was a member of the Brunswick Board of Education. As a member of the Brunswick Board of Education Popa was a party to the contract between Oliver and Brunswick and could not, as a matter of law, have interfered with it. On that basis, Oliver did not state a claim against Popa on which relief can be granted. Oliver's assignment of error related to his claim against Popa is overruled.
 III
Oliver's claims that Wagner tortiously interfered with his business relationship with New Philadelphia and Groveport were improperly dismissed, as was his defamation claim against Wagner. His first assignment of error is sustained to that extent, and the remainder overruled. Oliver's second assignment of error is sustained, because his complaint stated a claim against Hayas for tortious interference with his business relationship with New Philadelphia. The dismissal of Oliver's claim against Popa is proper, and the related assignment of error overruled, because a member of the board of education cannot tortiously interfere with a contract to which the board is a party. Oliver has not contested the dismissal of his claim against Wagner for tortious interference with his contract with Brunswick, nor has Oliver contested the dismissal of his claims against Brunswick, and the portions of the judgment pertaining to the dismissal of those claims are affirmed.
The judgment is affirmed in part, reversed in part, and the cause remanded for further action consistent with this order.
 Judgment affirmed in part, reversed in part, and cause remanded.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant and Appellees equally.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT CARR, J.
BATCHELDER, J.
CONCUR
[1] Oliver lists five assignments of error. His first assignment of error was that the trial court applied the wrong standard in deciding the plaintiff's motion to dismiss. He has not argued this error separately, other than to articulate the standard that he believed should have been applied. Likewise, this court has not addressed it as a distinct assignment of error. The remaining four errors are addressed in the order in which they are listed on pages one and two of his appellate brief, with his asserted errors relating to the claims against Wagner, discussed as the first assignment of error, against Hayas as the second assignment of error, and against Popa as the third assignment of error.
[2] The dismissal of a case based on the assertion of an affirmative defense in a Civ.R. 12(B)(6) motion has sometimes been reviewed by considering whether the availability of the defense is conclusively established by the complaint itself. See note,infra. Even if analyzed on that basis, the dismissals must fail. Nothing in Oliver's complaint is inconsistent with a determination that the actions complained of were outside of the official responsibilities of the actor, or were done with a level of fault that would take them outside of the immunity provided by R.C.2744.03(A)(6). See Strinyi v. Domotor (Apr. 9, 1997), Summit App. No. 17955, unreported, at 6.
[3] Although we believe it to be subject to the same restrictions articulated in the more recent State, ex rel. Freemanv. Morris (1991), 62 Ohio St.3d 107, 109, the Ohio Supreme Court suggested in an earlier case that, because the statute of limitations was permitted to be asserted by means of demurrer, the transformation of the demurrer into a motion for dismissal did not eliminate the option. See Mills v. Whitehouse Trucking Co.
(1974), 40 Ohio St.2d 55. Under that reasoning, when the existence of an affirmative defense is conclusively clear from the face of the complaint, a motion to dismiss for failure to state a claim may be affirmed. See Velotta v. Leo Petronzio Landscaping,Inc. (1982), 69 Ohio St.2d 376, 379 (noting that a 12(B) dismissal is not proper where the complaint does not conclusively show that the claim is time barred). Applying that reasoning to this case, it is unclear from the facts alleged in the complaint whether the claim would be subject to the truncated statute of limitations provided in R.C. 2744.04 for actions against political subdivisions, or rather would be exempted from the provisions of Chapter 2744 altogether, by virtue of R.C. 2744.09 which exempts civil actions against a political subdivision employer from the workings of this Chapter when the actions arise out of an employment relationship.