STAR BANK, N.A., CINCINNATI, Appellee,

v.

MANAGEMENT TECHNOLOGIES, INC., Appellant.

[Cite as *Star Bank, N.A., Cincinnati v. Management Technologies, Inc.* (1990), 69 Ohio App.3d 147.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890512.

Decided Aug. 15, 1990.

*Taft, Stettinius & Hollister* and *Matthew B. Hammons*, for appellee.
*Barron & Peck* and *Richard S. Trautmann*, for appellant.

*Per Curiam.*

This appeal concerns a financial arrangement among the appellee, Star Bank; the appellant, Management Technologies, Inc. ("MTI"); and William F. Mericle and Cynthia Mericle. Star Bank loaned certain amounts of money to MTI in accordance with a letter of credit. When MTI's creditworthiness became a source of concern for Star Bank, a bank officer sought and obtained a personal guaranty from the Mericles. As security for the guaranty, the Mericles delivered to Star Bank a mortgage deed to certain premises. The terms of the mortgage deed provided for foreclosure by Star Bank in the event of a default. When the Mericles defaulted on the mortgage and the guaranty, Star Bank brought suit to foreclose the mortgage.

In its first assignment of error, MTI asserts that the trial court erred in granting Star Bank's motion for default judgment on the second claim of its amended complaint. This claim requested relief upon the basis that the Mericles had defaulted upon their guaranty.

It is beyond cavil that the lower court's order granting default judgment was the subject of a judgment entry separate from the one from which

MTI filed its notice of appeal. MTI's motion for leave to amend its notice of appeal was denied by this court following an exposition of the parties' respective positions prior to oral argument. Consequently, pursuant to App.R. 3(C), this court lacks jurisdiction to consider the subject matter of MTI's first assignment of error.

MTI's second assignment of error asserts that the trial court erred in granting summary judgment in favor of Star Bank with respect to the first and third claims of its amended complaint.

Civ.R. 56(C) states in pertinent part that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

MTI asserts that the record effectively demonstrates genuine issues of material fact with respect to the defense of economic coercion. According to MTI, Star Bank coerced the Mericles into executing the guaranty by threatening to withdraw the financing it had begun providing to MTI some five months earlier. In an affidavit relied upon by MTI, Mr. Mericle stated that he had been initially informed by an officer of Star Bank that the personal guaranty by him and his wife would not be necessary, and that, when he was informed to the contrary, he and his wife only acquiesced to the request because MTI would have failed without the additional funds.

The appellant's argument fails for several reasons. First, the Mericles are not named appellants herein. It is axiomatic that this court can review only matters affecting the rights of the named appellant, MTI. The defense of economic coercion, as advanced by MTI, applies only to the Mericles.

Second, as Star Bank correctly notes in its brief, "duress" is an affirmative defense which generally must be raised in the answer or be deemed waived. Civ.R. 8(C); see, also, *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377. MTI did not raise the defense in its original answer, but only in its amended answer, which the trial court refused to accept since it was filed out of time. Although MTI asserts that the late filing of its amended answer was due to excusable neglect and that the trial court's refusal to grant

leave for the late filing was an abuse of discretion given certain allegations regarding what was said and done between counsel, these same allegations were contradicted by opposing counsel, and apparently not given credence by the trial court. We are unable on this record to state that the trial court abused its discretion, or otherwise committed error, by refusing to accept MTI's version of events.

◼ Finally, even assuming *arguendo* that these obstacles could somehow be overcome, we are convinced that the motion for summary judgment was properly granted since the record fails to demonstrate any issue of fact precluding judgment as a matter of law for Star Bank. In order to establish the defense of economic coercion, there must be some showing that the coercion was wrongful or illegal. *Mancino v. Friedman* (1980), 69 Ohio App.2d 30, 23 O.O.3d 27, 429 N.E.2d 1181. Even when interpreted in the light most favorable to MTI, the affidavit of William Mericle does not demonstrate any basis for a reasonable mind to find that Star Bank's request for personal security, in light of MTI's eroding financial condition, was wrongful or illegal. The mere fact that Star Bank agreed that a personal guaranty was not necessary going into the deal does not, absent some concrete evidence of fraud or breach of contract, make a subsequent request based on a changed set of circumstances wrongful or illegal.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

UTZ, P.J., KLUSMEIER and GORMAN, JJ., concur.