**GUESS, Appellant,**

v.

**WILKINSON, Appellee.**

[Cite as *Guess v. Wilkinson* (1997), 123 Ohio·App.3d 430.]
Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE03–337.

Decided Oct. 14, 1997.

*Bo Guess, pro se.*

*Betty D. Montgomery,* Attorney General, and *Robert C. Angell,* Assistant Attorney General, for appellee.

Sᴛʀᴀᴜsʙᴀᴜɢʜ, Judge.

Plaintiff-appellant, Philip E. "Bo" Guess, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted.

Plaintiff is incarcerated at the Southern Ohio Correctional Facility ("S.O.C.F."). On December 20, 1996, plaintiff filed a complaint, styled "42 U.S.C. 1983 Civil Action in a State Court for Twenty Million Dollars," in the Franklin County Court of Common Pleas. Plaintiff's complaint named Director of Rehabilitation and Correction Reginald A. Wilkinson as the sole defendant and contained four separate Section 1983 claims. Although plaintiff's four claims are illegible in places and somewhat difficult to discern even where legible, they appear to allege that S.O.C.F employees (1) violated plaintiff's unspecified constitutional rights by denying him his December commissary privileges, (2) deprived plaintiff of his constitutional right of access to the courts through the denial of commissary privileges that prevents plaintiff from purchasing writing supplies and postage, (3) violated plaintiff's due process rights through the enforcement of recently enacted R.C. 2969.21 through 2969.27 without prior notice, and (4) inflicted cruel and unusual punishment on plaintiff in violation of the Eighth Amendment to the United States Constitution by preventing plaintiff from purchasing or possessing a comb with which to comb his hair for approximately three years.

In lieu of an answer, the director, on January 14, 1997, filed a motion to dismiss plaintiff's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. On March 3, 1997, the trial court dismissed plaintiff's complaint pursuant to Civ.R. 12(B)(6) and entered judgment for the director. The trial court held that relief could not be granted on plaintiff's first claim because plaintiff did not allege that the director had either encouraged or directly participated in the alleged denial of December commissary privileges as required to state a claim under Section 1983, Title 42, U.S.Code. The trial court further held that relief could not be granted on plaintiff's second, third, and fourth claims as those claims were barred by the doctrine of *res judicata.* Plaintiff appeals from the judgment of the trial court assigning the following errors:

"1: Judge abused discretion, errored [*sic*] and committed crimes by dismissal; issue not res judicata, claim is stated and Wilkinson is liable by policies, acquiescence, failure of grevience/inspector [*sic*] system and where prior/pending related suits on him got no action or protection for Guess.

"2: Ruling is fraud-theft by deception of fees ect. [*sic*] record; ruling[.]"

Plaintiff's assignments of error are incomprehensible. Therefore, we will address both as though they allege that the trial court erred in dismissing plaintiff's complaint for failure to state a claim. When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 285, 620 N.E.2d 935, 938–939. The appellate court need not defer to the trial court's

decision in Civ.R. 12(B)(6) cases. *Id.* Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065. In construing a complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. However, a court need not presume the truth of conclusions unsupported by factual allegations. *Id.* at 193, 532 N.E.2d at 756–757.

Turning first to the trial court's dismissal of plaintiff's second, third, and fourth assignments of error on the grounds that the claims were barred by the doctrine of *res judicata.* As noted, the director did not file an answer. Instead, the director raised the defense of *res judicata* in his Civ.R. 12(B)(6) motion. It is well settled that *res judicata* is an affirmative defense that must be raised in a defendant's answer or be deemed waived. Civ.R. 8(C); see, also, *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703–704; *Star Bank, N.A., Cincinnati v. Mgt. Technologies, Inc.* (1990), 69 Ohio App.3d 147, 149, 590 N.E.2d 298, 299–300. It is equally well settled that the defense of *res judicata* may not be raised by a motion to dismiss pursuant Civ.R. 12(B). *Freeman, supra.* Therefore, the trial court erred in dismissing plaintiff's second, third, and fourth claims on the basis of *res judicata.*

However, each of plaintiff's four claims is brought pursuant to Section 1983, Title 42, U.S.Code. Section 1983 provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Section 1983 provides a remedy for violations of substantive rights created by the United States Constitution or federal statute. *Barnier v. Szentmiklosi* (E.D.Mich.1983), 565 F.Supp. 869, 871. In order to state a claim under

Section 1983, it must be established that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived plaintiff of a federal right, either constitutional or statutory. *Parratt v. Taylor* (1981), 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 428–429; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 458–459. Further, liability under Section 1983 must be based upon allegations that the defendant "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official [against whom the claim is brought] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cty.* (C.A.6, 1982), 668 F.2d 869, 874. Liability under Section 1983 may not be premised on the mere allegation that an individual had a right to control the actions of the individuals who actually committed the constitutional violations. *Id.* at 872.

In the present case, plaintiff has failed to allege that the director authorized, approved, or *knowingly* acquiesced in any of the four constitutional violations which he claims to have suffered. Plaintiff's claims against the director rest solely upon the fact that the director has ultimate control over the S.O.C.F. employees who caused the alleged constitutional deprivations. Consequently, plaintiff's complaint fails to state a Section 1983 claim upon which relief can be granted. Plaintiff's two assignments of error are overruled.

Plaintiff's two assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.