OPINION
Plaintiffs-appellants, John and Renee McCann ("appellants"), appeal from the dismissal of their complaint for false representation, fraudulent concealment, and misrepresentation in a real estate transaction. Appellants alleged they purchased a home from defendant-appellee, Concetta Anastasio ("Anastasio"), located in Kent, Ohio, on April 5, 1999. Anastasio did not answer the question on the Residential Property Disclosure Statement inquiring if the owner knows of any current leaks, backups, or other material problems with the property's sewer system. On the form, Anastasio left blank the query regarding any knowledge of material defects on the property. Appellants claim the representations were material to their decision to purchase the property.
The complaint also set forth the following allegations. After taking possession, appellants discovered a defective sewer discharge line, which backed up and damaged the interior of the home. Appellants learned the waste system was inoperable and needed extensive repair or replacement. Appellants detected a musty odor, discovered water penetration into the floor, and found terry cloth towels stuffed beneath the carpeting. Appellants contended the defects were hidden from view at the time they purchased the home and could not have been discovered by a reasonable inspection.
The purchase agreement provided the sale was contingent upon inspection by a qualified professional of buyer's choice. If not satisfied with the inspection, the buyer was required to notify the seller within fourteen (14) days of the date of the agreement regarding repairs or to void the contract. The failure to inspect or notify the seller resulted in the buyer purchasing the property in its present "as is" condition. The agreement noted that "as is" meant the seller was under no obligation to disclose the condition of the property.
In her answer, Anastasio denied experiencing any problems similar to those described in the complaint. On June 5, 2000, Anastasio filed a motion to dismiss, arguing appellants hired a home inspector and that any claim they have regarding the condition of the property would be against the inspector. She further contended appellants refused to purchase a Home Owners Warranty and assumed the risk of any defects. On June 22, 2000, the trial court issued its judgment entry dismissing appellants' complaint, finding appellants had the property inspected but did not void the agreement or specify that repairs needed to be made before closing. The trial court determined appellants accepted the property "as is," entitling Anastasio to judgment as a matter of law.
In their assignment of error, appellants contend the elements of the claims based upon fraud were set forth with particularity, precluding a Civ.R. 12(B)(6) dismissal. Appellants argue the trial court erred in holding the "as is" clause in the purchase agreement entitled Anastasio to judgment as a matter of law because the alleged defect was latent, making the doctrine of caveat emptor inapplicable. Appellants maintain an "as is" clause does not preclude recovery on fraudulent misrepresentation or fraudulent concealment claims.
A trial court may dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted only when it appears beyond doubt that the plaintiff cannot prove a set of facts to support his claim, entitling him to relief. York v. Ohio State Highway Patrol
(1991), 60 Ohio St.3d 143, 144. All the factual allegations set forth in the complaint must be presumed to be true and all reasonable inferences must be made in favor of the non-moving party. Guess v. Wilkinson
(1997), 123 Ohio App.3d 430. A reviewing court will independently review the complaint to determine if the trial court's dismissal was proper.Id.
An "as is" clause in a real estate agreement relieves the seller from any duty to disclose latent defects. Kopp v. Yingling (Aug. 26, 1994), Geauga App. No. 93-G-1811, unreported, 1994 Ohio App. LEXIS 3749. Because the contract at issue contained an "as is" clause, Anastasio had no duty to apprise appellants of any latent defects. An "as is" sale will bar a claim of fraudulent nondisclosure. Dennison v. Koba (1993),86 Ohio App.3d 605, 609. Even so, an "as is" clause does not bar a buyer from asserting claims of fraudulent concealment or fraudulent misrepresentation. Morgan v. Mazza Real Estate (Aug. 4, 2000), Trumbull App. No. 99-T-0103, unreported, 2000 Ohio App. LEXIS 3546.
Appellants contend that Anastasio's failure to fill in the questions on the disclosure form regarding material defects and the condition of the sewer system constituted fraud. R.C. 5302.30 requires any person who intends to transfer real property to complete and deliver to the transferee a property disclosure form. The transferor must disclose material matters relating to the physical condition of the property to be transferred and any material defect in the property that is within the actual knowledge of the transferor. This is a codification of the common law doctrine of caveat emptor requiring homeowners to disclose all known latent defects. Belluardo v. Blankenship (June 4, 1998), Cuyahoga App. No. 72601, unreported, 1998 Ohio App. LEXIS 2409. Common law principles are applied for misrepresentation in the disclosure document as R.C.5302.30 provides no remedies. Quintile v. Hartley (Apr. 12, 2000), Medina App. No. 2993-M, unreported, 2000 Ohio App. LEXIS 1600.
The elements of a fraudulent concealment cause of action are:
 "* * * (1) an actual concealment [;] (2) of a material fact[;] (3) with knowledge of the fact concealed[;] (4) with intent to mislead another into relying upon such conduct[;] (5) followed by actual reliance thereon by such other person having the right to so rely[;] (6) with injury resulting to such person because of such reliance[.]"
 Pasqualone v. Strauss (Dec. 17, 1993), Lake App. No. 92-L-174, unreported, 1993 Ohio App. LEXIS 6062, at 9, quoting Bagdasarian v. Lewis (June 4, 1993), Lake App. No. 92-L-171, unreported, 1992 Ohio App. LEXIS 2881. "Nondisclosure will become the equivalent of fraudulent concealment when the duty to speak arises in order to place the other party on equal footing." Arbor Village Condo. Assoc. v. Arbor Village Ltd., L.P. (1994), 95 Ohio App.3d 499, 510. R.C. 5302.30
creates a legal duty to disclose. Harpest v. Parrott
(Oct. 8, 1999), Miami App. No. 99 CA 20, unreported, 1999 Ohio App. LEXIS 4764. Evidence of actual knowledge of undisclosed defects can constitute fraud. Id.
To sustain a claim for fraudulent misrepresentation, a buyer must establish: "(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." Cardi v. Gump (1997), 121 Ohio App.3d 16.
This court must assume the allegations set forth in the complaint are true. In their complaint, appellants claimed the defects were not discoverable by a reasonable inspection but only upon the dismantling of the floor and walls. The terry cloth rags were located underneath the carpeting indicating the previous owner, Anastasio, was aware of the problem. Assuming the facts in the complaint are true, the rags may have concealed the problem from discovery by a potential buyer. Anastasio did not answer the questions on the property disclosure form about her knowledge of any current leaks, backups, or other material problems with the sewer system. Anastasio similarly did not respond to the question regarding any known material defects. She was required by R.C. 5302.30
to disclose any known problems and, if the complaint is believed, did not do so. Although appellants had the right to inspect the property, they state in their complaint the problems could not be discovered by a reasonable inspection. This statement must be taken as true. Based upon the allegations in the complaint, Anastasio concealed the problems with the sewer system and did not disclose the problems as required by law. The complaint states the problem could not be discerned by reasonable inspection. Therefore, a set of facts exists under which appellants could recover for fraudulent concealment.
There is nothing in the complaint showing Anastasio made any sort of false representation concerning the complained of conditions. The "as is" provision in the contract precludes appellants from recovering for passive non-disclosure. See Chelmsford Properties, Inc. v. Courtney
(Mar. 31, 1995), Geauga App. No. 94-G-1887, unreported, 1995 Ohio App. LEXIS 1262.
The parties would have been better served by attempting to resolve this case by summary judgment. Evidence then could have been presented below for the trial court's consideration to determine if a material issue of fact existed. The court would not have been constrained in its determination by only being able to consider the allegations set forth in the complaint. The trial court erred by dismissing the complaint pursuant to Civ.R. 12(B)(6) for appellants' claim of fraudulent concealment but correctly dismissed their claim for fraudulent misrepresentation. Appellants' assignment of error has merit in part and is overruled in part. The judgment of the Portage County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.
JUDGE DIANE V. GRENDELL, FORD, P.J, CHRISTLEY, J., concur.