WICKLIFFE COUNTRY PLACE, Appellant,

v.

KOVACS, Appellee, et al.

[Cite as *Wickliffe Country Place v. Kovacs* (2001), 146 Ohio App.3d 293.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2000–L–157.

Decided Oct. 9, 2001.

*Patricia A. Nocero,* for appellant.

*Anne M. Kaiser, Ann M. Porath* and *Legal Aid Society,* for appellee.

GRENDELL, Judge.

This is an accelerated calendar appeal submitted on the briefs of the parties. Wickliffe Country Place ("appellant") appeals the September 14, 2000 judgment entry by the Lake County Court of Common Pleas, dismissing appellant's complaint against Joan A. Kovacs ("appellee"), Great American Federal Savings & Loan Association ("Great American Federal"), First Union Home Equity Bank ("First Union"), and the Lake County Treasurer. The trial court determined that, pursuant to R.C. 2329.66(A)(1)(a), appellee's residence was exempt from a foreclosure action by appellant. For the following reasons, we reverse and remand the lower court's judgment for further proceedings.

Appellant is a nursing home facility. Appellee was a resident at appellant's facility, incurring costs totaling $13,515.64. On March 9, 2000, the Lake County Court of Common Pleas, C.P. No. 99CV000927, granted appellant a judgment against appellee in the amount of $13,515.64, plus interest. Subsequently, on March 16, 2000, a judgment lien was filed against appellee's real property. Thereafter, on April 24, 2000, appellant filed a complaint to foreclose on its judgment lien against the real property owned by appellee. Appellant also named Great American Federal and First Union as defendants, claiming they may have an interest in appellee's residence through a mortgage. The Lake County Treasurer was also named as a defendant due to a statutory lien on appellee's real property for real estate taxes and assessments.

On August 7, 2000, pursuant to Civ.R. 12(B)(6), appellee filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted in light of R.C. 2329.66(A)(1)(a). Appellee argued that R.C. 2329.66(A)(1)(a) exempts health care service providers from pursuing a foreclosure judgment against a residence. Appellee attached various exhibits, including her affidavit,[1] appellant's initial complaint for money owed along with the "Wickliffe Country Place Resident Admission Agreement," and a January 31, 1999 itemized billing statement by appellant in the amount of $13,515.64 for room and board, physical therapy, occupational therapy, equipment rental, and medical supplies.[2] In appellant's brief in opposition, appellant argued that a nursing home is not a health care service provider; therefore, it was not precluded from pursuing a foreclosure action against appellee's real property.

---

1. Appellee's affidavit stated that she was transferred to appellant's facility following hip surgery. Appellee further stated that she received physical therapy, occupational therapy, and other related medical services.

2. As an aside, there is a $10 discrepancy between the amount on the January 31, 1999 itemized billing statement, $13,525.64, and the amount granted to appellant in the initial judgment for money, $13,515.64, plus interest.

Upon being granted leave, on September 7, 2000, appellee filed an answer, admitting that appellant had obtained a judgment against her and that a judgment lien was filed against her residence. However, appellee set forth an affirmative defense, alleging that the complaint failed to state a claim upon which relief could be granted. Specifically, appellee stated that R.C. 2329.66(A)(1)(a) exempted her residence from foreclosure because the judgment was on an account for health care services and health care supplies.

On September 14, 2000, in a judgment entry, the trial court, indicating that it was applying a common, everyday meaning, determined that "health care services" are any services that are rendered that affect the health of an individual. The trial court added health care services are not only provided by physicians, but are provided by nurses, therapists, chiropractors, pharmacists, nursing homes, etc. The trial court concluded that appellant was a provider of health care services; thus, appellee's residence was exempt from foreclosure under R.C. 2329.66(A)(1)(a). The trial court dismissed appellant's complaint. Appellant filed a timely notice of appeal, asserting one assignment of error.

In appellant's sole assignment of error, appellant contends that R.C. 2329.66(A)(1)(a) does not provide for a definition of "health care services" and the health industry is highly and specifically regulated. Appellant argues that words and phrases that have acquired a technical or particular meaning must be construed accordingly. Appellant asserts that the health care industry is a specialized industry and using terms that have a technical meaning within the industry requires a technical interpretation, not a common and ordinary meaning. Appellant avers that "health care services" are specified within the definition of "health maintenance organizations" in R.C. 3727.01, and nursing homes are specifically excluded.

When reviewing a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court must independently review the complaint to determine whether dismissal was proper. *Guess v. Wilkinson* (1997), 123 Ohio App.3d 430, 433, 704 N.E.2d 328. Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate only when it appears beyond doubt that the plaintiff cannot prove a set of facts to support his claim, entitling him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. A court must presume all factual allegations contained in the complaint as true and must make all reasonable inferences in favor of the nonmoving party. *Guess, supra,* 123 Ohio App.3d at 434, 704 N.E.2d 328.

In resolving a Civ.R. 12(B)(6) motion to dismiss, a court is confined to the allegations contained in the complaint. *McGlone v. Grimshaw* (1993), 86 Ohio

App.3d 279, 285, 620 N.E.2d 935. Civ.R. 12(B) provides that when a Civ.R. 12(B)(6) motion to dismiss presents matters outside the pleadings and such matters are *not* excluded by the court, then the motion to dismiss usually must be treated as a motion for summary judgment. But, see, *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 661 N.E.2d 170, allowing a court to take judicial notice of appropriate matters. However, when a trial court converts a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment, all parties must be notified so they have a reasonable opportunity to present Civ.R. 56 evidentiary materials. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713.

◼ In the case *sub judice*, in making its determination concerning appellee's Civ.R. 12(B)(6) motion to dismiss, the trial court could look *only* to the pleadings to make its determination. Appellant's complaint provides that, on March 9, 2000, a judgment was rendered against appellee and a judgment lien was filed against appellee's residence. These factual allegations were admitted as true in appellee's answer. Appellee's answer alleged that appellant's complaint failed to state a claim upon which relief could be granted because her residence was exempt under R.C. 2329.66(A)(1)(a), since the initial judgment was on an account for health care services and health care supplies.

Appellee's motion to dismiss included appellee's affidavit, appellant's initial complaint for money along with the nursing home contract, and an itemized billing statement by appellant for services rendered to appellee while at appellant's facility. Upon reviewing the trial court's judgment entry granting appellee's motion to dismiss, the trial court relied on matters outside appellant's complaint. Specifically, the judgment entry stated that "[i]n 1997, the Defendant underwent hip surgery. The Defendant was transferred to the Plaintiff's facility, which is a nursing home." This information is *not* contained in the pleading.

Additionally, in order to determine whether the services provided to appellee while at appellant's facility were "health care services" and "health care supplies," it would have been necessary for the trial court to look to the itemized billing statement that was attached to appellee's motion to dismiss. This statement describes the specific services rendered to appellee while at appellant's facility, which included room and board, equipment rental, medical supplies, physical therapy, and occupational therapy. However, this information was also outside the pleading.

Such exhibits attached to appellee's Civ.R. 12(B)(6) motion to dismiss could be proper in a Civ.R. 56 motion for summary judgment if properly presented. However, upon conversion, the trial court must notify the parties. *Fuerst, supra,* 55 Ohio St.3d at 97, 563 N.E.2d 713; see, also, Civ.R. 12(B). The record does not

contain such notification, and the trial court and parties did not proceed under Civ.R. 56.

For the reasons stated, given the irregular procedural posture of the instant case, the trial court erred in dismissing appellant's complaint by considering matters outside appellant's complaint. Our decision, however, does not preclude the future filing of a motion for summary judgment or the trial court's consideration of such a motion. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.