OPINION
{¶ 1} On December 15, 2000, Dennis T. Caron filed a complaint against his ex-wife, Gina Manfresca, in the Franklin County Court of Common Pleas, General Division. Mr. Caron set forth claims sounding in false representation/fraud, intentional infliction of emotional distress, unjust enrichment, conversion, abuse of process and relief from the obligation to pay child support/recovery of child support payments. The complaint averred that Ms. Manfresca had become pregnant while she was dating Mr. Caron, that she told Mr. Caron the child was his, that the parties got married as a result, and that a child was born during their marriage. The parties divorced in 1997, and Mr. Caron was ordered to pay child support. The complaint further averred that DNA test results indicated Mr. Caron was not the biological father of the child. Mr. Caron's claims were based on these essential allegations. Mr. Caron requested compensatory damages, punitive damages and attorney fees.
 {¶ 2} Ms. Manfresca filed a motion to dismiss the complaint. Ms. Manfresca asserted that the complaint centered on Mr. Caron's allegation that he was not the father of the child born during their marriage and argued, in essence, that until the proper court determined Mr. Caron was not the father, the complaint could not stand.
 {¶ 3} On March 4, 2002, the trial court rendered a decision granting the motion to dismiss. A judgment entry was journalized on March 29, 2002.
 {¶ 4} Mr. Caron (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 {¶ 5} "The Trial Court erred and denied Appellant his Constitutional Right to have torts tried by a jury by referring to matters outside the pleading and outside the record in granting Appellee's Motion To Dismiss."
 {¶ 6} The instant matter involves the granting of a Civ.R. 12 motion to dismiss. In order to grant a motion to dismiss, it must appear beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. Vail v. The Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 280. The factual allegations in the complaint must be taken as true, and the complaining party must be afforded all reasonable inferences derived therefrom. Id. However, a court need not presume the truth of conclusions unsupported by factual allegations. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193. This court reviews a judgment granting a motion to dismiss independently of the trial court's determination. See Guess v. Wilkinson (1997), 123 Ohio App.3d 430, 433, citing McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285.
 {¶ 7} The trial court here found that appellant's claims were mere byproducts of divorce/parentage proceedings and that it lacked subject-matter jurisdiction over such matters. In addition, the trial court found that this was appellant's third complaint raising these claims, that the previous two complaints had been dismissed (the second with prejudice) and, therefore, the present complaint was improper under Civ.R. 41(A).
 {¶ 8} We agree that the crux of the claims asserted by appellant involves matters relating to parentage, which is within the exclusive jurisdiction of the Franklin County Court of Common Pleas, Division of Domestic Relations. On this basis, the trial court correctly granted the motion to dismiss. However, we note that in its decision, the trial court referred to previous, related cases filed by appellant, including the divorce case. We realize that principles such as res judicata and collateral estoppel generally may not be the bases for granting motions to dismiss as they usually require examination of matters outside the complaint. See Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614,618, discretionary appeal not allowed in (1995), 74 Ohio St.3d 1456. Here, the trial court discussed the principle of res judicata, although it is unclear if its holding was based, in part, upon such principle. Rather, the trial court stated that it lacked subject-matter jurisdiction. (Decision at 9.) Nonetheless, the trial court did consider matters outside the complaint, which is not generally permitted in ruling on motions to dismiss.
 {¶ 9} In our review of the motion to dismiss, however, we do not base our determination on matters outside of the complaint. Nonetheless, we affirm the trial court's granting of the motion to dismiss.
 {¶ 10} Both parties cite to this court's decision in Kerns v.Schmidt (1994), 94 Ohio App.3d 601. Kerns addressed issues similar to the ones raised in the complaint here. We addressed such issues in the context of a motion for summary judgment and as such, we properly referred to matters beyond the complaint. However, the substantive legal principles set forth in Kerns may still be applied to any relevant matter set forth in the complaint here.
 {¶ 11} In Kerns, the plaintiff filed a complaint against his ex-wife and a physician, alleging fraud arising out of his former wife's insemination without his consent. The plaintiff/husband filed for divorce shortly after the child was born. We stated that although the parentage issue was never fully litigated, the decree stated that one child was born as issue of the marriage. Id. at 604. The ex-husband paid child support. Id. The plaintiff's third assignment of error contended that the trial court erred in finding that the claim/issues involved parentage and that such issues were within the exclusive jurisdiction of the domestic relations court.
 {¶ 12} This court stated that the plaintiff's complaint was, in essence, a parentage action which must be commenced as part of a divorce action or an independent action (i.e., not as a fraud action) in accordance with R.C. Chapter 3111. Id. at 608. We stated that the gravamen of the ex-husband's fraud claim contested parentage and that the ex-husband was estopped from relitigating the parentage issue, which had been determined by the divorce decree. Id. We overruled the ex-husband's third assignment of error because his claim centered on a parentage dispute, which could not be maintained as a separate fraud claim. Id.
 {¶ 13} Here, each of appellant's claims stems from the central allegation that Ms. Manfresca (hereinafter "appellee") falsely claimed the child was appellant's and that as a result, appellant has been obligated to pay child support. The complaint states that the parties were married in October 1989, that a child was born in April 1990, that appellant filed for divorce in 1992, that a divorce was granted in 1997, and that pursuant to domestic court rulings, appellant has paid child support. Taking all of these allegations as true, the issue of appellant's parentage of the child born during his marriage has been determined by the division of domestic relations. In his present complaint against appellee, appellant, in essence, challenges parentage. The general division of the court of common pleas has no jurisdiction to make a determination as to parentage. For this reason, the trial court did not err in granting appellee's motion to dismiss.
 {¶ 14} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ,. concur.