[Cite as *State v. Gibson*, 2017-Ohio-8329.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-200 |
| v. | : | (C.P.C. No. 15CR-5417) |
| Daniel R. Gibson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 26, 2017

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Timothy Young,* Ohio Public Defender, and *Terrence K. Scott,* for appellant.

ON MOTION TO CERTIFY A CONFLICT

BRUNNER, J.

## I. INTRODUCTION

{¶ 1} On August 17, 2017, this Court issued a decision reversing the Franklin County Court of Common Pleas' judgment that denied defendant-appellant's, Daniel R. Gibson, motion for recalculation of jail-time credit. *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-7254. The common pleas court found in denying Gibson's motion that he had "not alleged" that the jail-time credit error had not been raised at sentencing so as to avail himself of a statutory postconviction motion authorized by R.C. 2929.19(B)(2)(g)(iii). (Feb. 17, 2017 Jgmt. Entry at 2.) Because Gibson did state facts in his motion to recalculate his jail-time credit that amounted to an assertion that he had not previously raised his claim, we concluded by a 2 to 1 majority that the trial court had erred in deciding that R.C. 2929.19(B)(2)(g)(iii) could not and did not apply to Gibson's motion. *Gibson* at ¶ 11-12. For that reason, we reversed. The plaintiff-appellee, State of Ohio, now asks that we

2017-Ohio-8329.docx

consider the matter en banc based on an alleged conflict with *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465, and certify the matter to the Supreme Court of Ohio based on alleged conflicts with *State v. Johnson*, 4th Dist. No. 16CA26, 2017-Ohio-4213, and *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572.

{¶ 2}   We address in a separate decision whether en banc consideration is warranted or required, but we also discuss *Smith* in this decision because *Smith* is the case on which both *Johnson* and *Guiterres* rely for their holdings alleged to be in conflict with our decision in *Gibson*.

## II. DISCUSSION

{¶ 3}   The Supreme Court has explained:

> [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law -- not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St. 3d 594, 596 (1993).

{¶ 4}   In *Gibson*, we reviewed a decision of the Franklin County Common Pleas Court by which the trial court found that Gibson had not alleged that the problem he perceived with his jail-time credit had not been raised at sentencing (which he did allege in his application) and that he was barred from the trial court's consideration of his motion by the doctrine of res judicata.   The State argued, and the dissent agreed, that Gibson was required to ab initio submit evidence with his motion for jail-time credit proving that his motion was not barred by res judicata.   (Aug. 28, 2017 Mot. for En Banc & to Certify at 5-11.)   Specifically, we said:

> [T]he State argues that R.C. 2929.19(B)(2)(g)(iii) requires Gibson not only to raise the error, but to prove it by supplying a transcript with his motion.[fn. 1] We find no basis for this in the language of the statute. The State would have us interpret the statute so as to create a presumption that such error had been raised at sentencing unless a defendant can produce a

> transcript that proves otherwise, or else res judicata bars relief. This is not what the statute requires.
>
> [fn. 1] It is conceivable that the State could have provided a transcript or portion thereof with its memorandum opposing Gibson's motion for jail-time credit. It did not do so and instead argues that Gibson should have.

*Gibson* at ¶ 10. Following the suggestion raised in the dissenting opinion in *Gibson,* the State now argues that *Gibson* conflicts with *Guiterres* and *Johnson* in that both adhere to the principle (originally set forth in *Smith*) that the defendant-movant has the burden of establishing that the alleged jail-time credit error was not previously raised at sentencing. *Johnson* at ¶ 20, citing *Smith* at ¶ 10; *Guiterres* at ¶ 15, citing *Smith* at ¶ 10. That principle of law from *Smith* is correct. *Smith* at ¶ 10. But to apply it as the State, the dissent in *Gibson,* and now the dissent herein suggests—to require the filing of a transcript ab initio with the motion pursuant to R.C. 2929.19(B)(2)(g)(iii)—is too simplistic an application of *Smith* and is inconsistent with both the statute and case law. *Smith* does not even address that a movant must conclusively rebut res judicata before it is affirmatively raised by the State, only that entitlement to relief must be established.[1]

{¶ 5} In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. Res judicata is not specifically addressed in the Ohio Rules of Criminal Procedure. Thus, to properly assert a claim of res judicata in criminal cases, Crim.R. 57(B) instructs the parties and the courts to "look to the rules of civil procedure and to the applicable law."

{¶ 6} Rule 8(C) of the Ohio Rules of Civil Procedure classifies "res judicata" as an "affirmative defense." Ohio criminal case law is consistent with this designation. *State v. Lelux*, 10th Dist. No. 97APA10-1308, 1998 WL 303884, 1998 Ohio App. LEXIS 2547, *5 (June 11, 1998); *see also, e.g., State v. Williams*, 8th Dist. No. 103144, 2016-Ohio-2629, ¶ 9. Moreover, in Ohio civil case law, the Supreme Court has held that "[i]t is not proper for a

---

[1] Consider the situation where the State agrees with the movant that jail-time credit should be corrected and does not raise the affirmative defense of res judicata. To require the filing of a transcript even when the affirmative defense of res judicata is not raised could not be required under any interpretation of the law.

court to grant a motion to dismiss based on res judicata, because res judicata is an affirmative defense, and because resolution of a res judicata defense typically requires resort to materials outside the pleadings." (Citations omitted.) *State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, ¶ 16. The party asserting res judicata must demonstrate that this affirmative defense is apropos, and this is generally established by reference to materials outside the pleadings.

> It is well-settled that *res judicata* is an affirmative defense, which must be raised in a defendant's answer or be deemed waived. Civ.R. 8(C); *see, also, State ex rel. Freeman v. Morris* (1991), 62 Ohio St. 3d 107, 109, 579 N.E.2d 702; *Star Bank, N.A., Cincinnati v. Management Technologies, Inc.* (1990), 69 Ohio App. 3d 147, 149, 590 N.E.2d 298. It is equally well settled that the defense of *res judicata*, may not be raised by a motion to dismiss pursuant Civ.R. 12(B). *Freeman, supra.*

(Emphasis sic.) *Guess v. Wilkinson*, 123 Ohio App.3d 430, 434 (10th Dist.1997).

{¶ 7} While res judicata often applies to motions to correct jail-time credit, *Smith* at ¶ 7, the statutory exception does not *assume* that it does:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [regarding jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [regarding jail-time credit], and the court may in its discretion grant or deny that motion.

R.C. 2929.19(B)(2)(g)(iii). *Smith, Guiterres*, and *Johnson* all stand for the proposition that it is the defendant-movant's burden to demonstrate an entitlement to the statutory application of R.C. 2929.19(B)(2)(g)(iii). *Johnson* at ¶ 20, citing *Smith* at ¶ 10; *Guiterres* at ¶ 15, citing *Smith* at ¶ 10.

{¶ 8} R.C. 2929.19(B)(2)(g)(iii)'s requirement of "any error not previously raised at sentencing" does not establish any presumption that res judicata otherwise applies and that a movant must prove with evidence such as a transcript at the outset that it does not. The statute does not by any reading change the State's burden to demonstrate that the affirmative defense of res judicata bars relief. If and when that burden is satisfied, it becomes the movant's burden, as we stated in *Smith*, "to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata." *Smith* at ¶ 10.

Simply put, the State bears the burden to demonstrate that res judicata applies before a movant has to prove that it does not apply. In Gibson's case, the State raised res judicata and was required to affirmatively show that Gibson "*raised or could have raised* the issue" of jail-time credit at sentencing. (Emphasis sic.) *Jackson* at ¶ 92. This likely would require a transcript—not supplied by Gibson according to judicial fiat as the State would suggest, but rather, supplied by the State to prove its affirmative defense raised. Gibson was not required to prove a negative, since an "affirmative" defense requires action by the one asserting it. *Id.*

{¶ 9} Our holding in *Gibson* is consistent with our holding in *Smith*, which only considered "the [movant]'s burden to demonstrate" an entitlement to the statutory exception after already concluding that absent such an exception, res judicata would apply. *Compare Smith* at ¶ 7 *with id.* at ¶ 10. Though in *Smith* we also discussed the "lack of evidence to support [Smith's] motion," we did so in the context of evaluating the substantive merits of Smith's request for additional jail-time credit. *Smith* at ¶ 14.

{¶ 10} In *Gibson*, the trial court dismissed the motion of Gibson's alleged failure to even make the allegation in his motion that the issue of jail-time credit was not previously raised.[2] The trial court also found Gibson's motion to be barred by the doctrine of res judicata—with no reference to a transcript. The fundamental disagreement of the panel in our review of *Gibson* seems to be whether there is a presumption of res judicata in applying R.C. 2929.19(B)(2)(g)(iii) and/or who must supply the transcript to support his position— the movant or the responding party.

{¶ 11} At no point in our decision in *Smith* did we hold that a movant must submit evidence with his motion in anticipation that the nonmoving party may assert and properly support an affirmative defense of res judicata. *Id.* in passim. And while R.C. 2929.19(B)(2)(g)(iii) seems to contemplate the application of res judicata, it does not by its terms require the movant, ab initio, to submit evidence to show that res judicata does not apply. Gibson stated in his motion that he was filing pursuant to R.C. 2929.19(B)(2)(g)(iii). Crim.R. 47 requires that a motion "shall state with particularity the grounds upon which it is made[,] * * * set forth the relief or order sought[, and include] a memorandum containing citations of authority."

---

[2] The dissent herein does not address this problem.

{¶ 12} Like the *Smith* case on which they rely, neither appellate court in *Guiterres* nor *Johnson* discusses the principal of law that the party asserting the affirmative defense of res judicata carries the burden to establish it, usually requiring materials such as a transcript that are not part of the original motion documents or pleadings. And neither *Guiterres* nor *Johnson* adopts the presumption (sought by the State in *Gibson*) that jail-time credit errors can be presumed to have been raised at sentencing unless a defendant can produce a transcript that proves otherwise. *Johnson* at ¶ 20, citing *Smith* at ¶ 10; *Guiterres* at ¶ 15, citing *Smith* at ¶ 10. *See also Gibson* at ¶ 10. *Guiterres* and *Johnson* are consistent with *Smith* and they are not in conflict with *Gibson*. In *Gibson*, we simply recognized that before a movant has the burden of showing a statutory exception from res judicata, i.e., that his motion for recalculation of jail-time credit has merit, the party asserting res judicata must demonstrate that the defense applies. *Id.*

{¶ 13} We note also that in *Guiterres* and *Johnson* both criminal defendants had previously filed motions for jail-time credit and not appealed the denial of such motions. *Johnson* at ¶ 8-11; *Guiterres* at ¶ 3-7. Res judicata applied for reasons independent of what the trial court held in *Gibson,* because they had previously been filed, litigated, denied on the merits, and not appealed in the first instance. *Johnson* at ¶ 8-11; *Guiterres* at ¶ 3-7; *see Jackson* at ¶ 92. The issue and application of res judicata in *Guiterres* and *Johnson* is not synonymous with its issue and application in *Gibson.*

## III.  CONCLUSION

{¶ 14} *Guiterres* and *Johnson* do not conflict with *Gibson*. The movant seeking jail-time credit has the burden to show an exemption from res judicata under R.C. 2929.19(B)(2)(g)(iii) if res judicata has first been raised and applies. Generally, this requires reference to documents beyond the motion, such as a transcript of the previous sentencing hearing. *Gibson* rests on the proposition that if the State asserts the affirmative defense of res judicata, it first must demonstrate that the affirmative defense of res judicata applies before a movant is required to submit evidence or demonstrate entitlement to jail-time credit recalculation pursuant to R.C. 2929.19(B)(2)(g)(iii). In *Gibson*, we declined to create a presumption that res judicata applies under R.C. 2929.19(B)(2)(g)(iii), and neither *Guiterres* nor *Johnson* is in conflict with *Gibson* on this proposition of law. Further, *Guiterres* and *Johnson* involve analyses of res judicata concerning previously filed motions for jail-time credit correction that were not appealed. As such, they are separate from and

independent of the legal questions at issue in *Gibson* concerning presumption of res judicata and when a transcript must be submitted as evidence in a proceeding pursuant to R.C. 2929.19(B)(2)(g)(iii), and we declined to require submission of a transcript ab initio with a motion filed pursuant to this statute. Accordingly, the motion to certify a conflict is hereby denied.

*Motion to certify a conflict denied.*

TYACK, P.J., concurs.
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 15} Because I believe that the majority decision in *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-7254, is in conflict with the decision of the Fourth District Court of Appeals in *State v. Johnson*, 4th Dist. No. 16CA26, 2017-Ohio-4213, and the Eleventh District Court of Appeals in *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, I would grant the state's motion to certify a conflict. Because the majority does not, I respectfully dissent from the majority decision.

{¶ 16} Pursuant to App.R. 25, the state has moved this court to certify the following question to the Supreme Court of Ohio:

> Does R.C. 2929.19(B)(2)(g)(iii) require a defendant to prove with a transcript of the sentencing hearing or other evidence that the alleged jail-time credit issue was not "previously raised at sentencing," or is a defendant's mere assertion that he or she did not learn of the alleged jail-time credit error until after sentencing sufficient to overcome res judicata and grant a trial court jurisdiction under R.C. 2929.19(B)(2)(g)(iii)?

(Application for En Banc Consideration and Mot. to Certify Conflict at 17.)

{¶ 17} For the reasons expressed in my dissent in *Gibson* and for the additional reasons set forth herein, I find that the majority decision in *Gibson* conflicts with *Johnson* and *Guiterres* in regard to the question on which the state now seeks certification. I decline to address the conflict between *Gibson* and *Smith* in this dissent because that particular conflict will be the subject of a separate decision.

## A. The Fourth District in *State v. Johnson*

{¶ 18} In *Johnson*, the trial court had determined that res judicata barred defendant-appellant's motion for jail-time credit. Defendant-appellant appealed that

decision to the Fourth District Court of Appeals. The Fourth District Court of Appeals ruled as follows:

> Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12. However, *a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing.* *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209, 15AP-214, 2015-Ohio-4465, ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.
>
> Here, *Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing.* Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). Accord State v. Thompson, 147 Ohio St.3d 2959, 2016-Ohio-2769, N.E.3d 1266, ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.

(Emphasis added.) *Id.* at ¶ 20-21.

{¶ 19} In *Johnson*, the Fourth District determined that the moving party's failure to "*attach any evidence* establishing that his claim was not considered by the trial court at * * * sentencing" deprived the trial court of jurisdiction of the motion. (Emphasis added.) *Id.* at ¶ 21. Thus, *Johnson* stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing that the alleged error in jail-time credit was not "previously raised at sentencing." As such, the holding of the Fourth District is in direct conflict with the holding of the majority in *Gibson*.

{¶ 20} The conflict with the majority decision in *Gibson* is further evidenced by the *Johnson* court's rejection of the trial court's application of res judicata. The Fourth District modified the trial court judgment as follows:

> Because Johnson failed to establish that the alleged error was not previously raised at sentencing, the trial court did not have

> jurisdiction to rule on the merits of the motion; as a result, the trial court should have dismissed Johnson's motion. Therefore, we modify the judgment to reflect that the motion should have been dismissed for lack of jurisdiction and affirm the judgment of the trial court as modified.

*Id.* at ¶ 22.

{¶ 21} The *Johnson* court's modification of the trial court's judgment is a clear rejection of the majority's contention that the state, in order to assert the affirmative defense of res judicata, has the initial burden to produce evidence that the jail-time credit issue was raised at sentencing. The *Johnson* court makes clear that in order for the moving party to establish the trial court's continuing jurisdiction, the moving party must produce evidence that the alleged error in jail-time credit was "not previously raised at sentencing." *Id.* Under R.C. 2929.19(B)(2)(g)(iii), the threshold issue is trial court jurisdiction, not res judicata.

## B. Eleventh District Court of Appeals in *State v. Guiterres*

{¶ 22} In *Guiterres*, the Eleventh District Court of Appeals, in affirming the trial court's denial of defendant-appellant's motion for jail-time credit, reached the following conclusion regarding the movant's burden of production:

> [R.C. 2929.19(B)(2)(g)(iii)] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465, ¶9. *Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing. Id.* at ¶10.
>
> The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.

(Emphasis added.) *Id.* at ¶ 15-16.

{¶ 23} Pursuant to *Guiterres,* the initial burden of producing evidence that the alleged error in jail-time credit was not raised at sentencing is placed squarely on the movant. If the *Guiterres* court believed that the state had the initial burden to produce evidence that the alleged error in jail-time credit was previously raised at sentencing, the court would not have affirmed the denial of the motion on the basis that "[t]he record before this court does not have a transcript of the sentencing hearing." *Id.* at ¶ 16. If the burden of production was on the state, the absence of such evidence would not justify denial of the motion for jail-time credit. Accordingly, I find that the rule of law applied by the Fourth District in *Guiterres* conflicts with the rule of law adopted by the majority in *Gibson.*

{¶ 24} In denying the motion, the majority attempts to factually distinguish *Guiterres* and *Johnson* from *Gibson* on the basis that both Guiterres and Johnson "had previously filed motions for jail-time credit and not appealed the denial of such motions." (Majority at ¶ 13.) However, my reading of *Johnson* and *Guiterres* reveals that this distinction made no difference in either case. Under the rule of law expressed in *Johnson* and *Guiterres,* a motion for additional jail-time credit fails when the moving party fails to produce evidence establishing the trial court's continuing jurisdiction. *Johnson* at ¶ 20-21; *Guiterres* at ¶ 16. Under R.C. 2929.19(B)(2)(g)(iii), the trial court has continuing jurisdiction of a motion for jail-time credit only when the alleged error in jail-time credit was not previously raised at sentencing. *Johnson* at ¶ 20-21; *Guiterres* at ¶ 16. The same rule of law applies to every motion for jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii), whether it is an initial motion or a successive motion. The fact that res judicata was asserted by the court in *Guiterres* as an alternative basis for denial of the successive motion for jail-time credit is irrelevant to the issue on which the state seeks certification.

{¶ 25} The issue before this court is whether the rule of law adopted by the majority in *Gibson* conflicts with the rule of law adopted by the courts of appeal in *Johnson* and *Guiterres.* In this instance, the rule of law adopted by the majority in *Gibson* is that the state, not the movant, bears the burden of producing evidence that the alleged error in jail-time credit was not previously raised at sentencing. Under the rule of law adopted in *Johnson* and *Guiterres,* the movant bears the burden of producing evidence that the alleged error in jail-time credit was not previously raised at sentencing. Thus, the rule of law

adopted by the majority decision in *Gibson* clearly conflicts with rule of law in *Johnson* and *Guiterres*.

{¶ 26} For the foregoing reasons, I would grant the state's motion to certify a conflict.

_____