THE STATE, EX REL. FREEMAN, APPELLANT, *v.* MORRIS, APPELLEE.

[Cite as *State, ex rel. Freeman, v. Morris* (1991), 62 Ohio St.3d 107.]

(No. 90–795—Submitted June 26, 1991—Decided November 13, 1991.)

*Jerome Blair Freeman,* pro se.

*Lee I. Fisher,* Attorney General, and *Steven P. Fixler,* for appellee.

---

*Per Curiam.* Appellant raises four propositions of law on appeal:

(1) that the trial court erred by dismissing all his claims without making an express finding that "there is no just reason for delay," as required by Civ.R. 54(B);

(2) that the trial court erred by granting appellee's untimely motion to dismiss and not granting appellant's timely motion for default judgment;

(3) that the trial court erred by not hearing fully appellant's habeas corpus claim; and

(4) that the trial court erred in not granting the relief appellant requested.

Appellee's brief does not attempt to answer any of these contentions, but instead simply states that the matter is *res judicata* and that appellant has no right to parole.

Appellant's first, third, and fourth propositions of law are easily dealt with. The court of appeals dismissed appellant's mandamus complaint before he filed his "application" to add a claim of habeas corpus. Therefore, there were no multiple claims to be considered under Civ.R. 54(B) (proposition of law No. 1), and the court did not err by not considering his habeas corpus claim because the case was decided before he filed it (proposition of law No. 3). Moreover, appellant has not yet proved his case; therefore, the court of appeals did not err by not granting the relief he seeks (proposition of law No. 4).

Proposition of law No. 2 is more problematic.

The court of appeals' dismissal of the case is clearly based on certain attachments to appellee's motion to dismiss filed below. These include an amended complaint for a writ of mandamus filed in the Court of Appeals for Hamilton County in November 1988, which named appellee, among others, as a respondent and also raised the issues raised in this case; the appellate court's judgment entry of December 19, 1988 dismissing the complaint; and various other complaints filed in 1988 and 1989 in the Court of Common Pleas of Hamilton County, the Hamilton County Municipal Court, and the Ohio Court of Claims seeking injunctive relief and damages against appellee and others. All the attachments, with varying degrees of specificity, refer to the unlawful revocation of appellant's parole in 1978 after his maximum sentence had expired.

However, the court of appeals permitted appellee to file the untimely motion to dismiss without a motion asserting excusable neglect or proof of same, both of which are required by Civ.R. 6(B)(2) and (D). Moreover, it based its decision on matters outside the pleadings—the aforementioned attachment to the motion to dismiss. Therefore, it treated the case as if it were converting the motion to dismiss into a motion for summary judgment. In such a case, Civ.R. 12(B) requires that the court consider "only such matters outside the pleadings as are specifically enumerated in Rule 56." Civ.R. 56(C) enumerates "pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." The complaints and judgment entries, submitted without affidavit, are none of these. Accordingly, the case is not a proper one for summary judgment. See *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.

Nor was the case subject to dismissal under Civ.R. 12(B). Civ.R. 8(C) designates *res judicata* an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention *res judicata*. Accordingly, we hold that the defense of *res judicata* may not be raised by motion to dismiss under Civ.R. 12(B). See *Johnson v. Linder* (1984), 14 Ohio App.3d 412, 14 OBR 531, 471 N.E.2d 815. In that case, the Court of Appeals for Allen County held that the affirmative defense of *res judicata* could be raised by motion for summary judgment. We concur. However, as previously discussed, appellee's motion to dismiss was not proper for conversion into a motion for summary judgment and was not so converted.

Accordingly, we reverse the judgment of the court of appeals and remand the cause for further proceedings not inconsistent with this opinion.[1] Appellant's motions for attorney fees and "application for petition for a writ of habeas corpus, ad prosequendum, and ad subjiciendum" filed in this court are overruled.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.
RESNICK, J., dissents.

---

1. We do not imply that the court must grant appellant's motion for default judgment. See Civ.R. 55(D).