OPINION
Daniel McGuiness appeals from the judgment of the Fairborn Municipal Court wherein the court granted summary judgment to the appellee, Demetrius Baggaley pursuant to his defense of res judicata.
In May 1996 McGuiness filed a complaint in the Fairborn Municipal Court against The Car Company D.B., Inc., and Rodney Summers, a salesman for The Car Company alleging breach of contract and unfair and deceptive practices under Ohio's Consumer Protection Act. The controversy concerned the sale of the 1985 Porsche automobile by the defendants to McGuiness. He alleged that the defendants materially misrepresented the condition of the vehicle in order to sell the automobile to him.
On October 21, 1996, the trial court dismissed the action against Summers upon plaintiff's request. On December 2, 1996, McGuiness amended his complaint and joined appellee, Baggaley, as a defendant. The defendant was an officer and principal shareholder of The Car Company. On January 15, 1997, the trial court sustained Baggaley's motion to dismiss for plaintiff's failure to state a claim upon which relief could be granted. On January 17, 1997 The Car Company D.B. Inc. stipulated to its liability and the trial court then awarded damages to the plaintiff from The Car Company. The plaintiff did not appeal the dismissal of the defendant, Baggaley.
On April 23, 1997, McGuiness filed a second complaint against Baggaley. The complaint involved the same controversy and this time McGuiness sought damages from Baggaley upon a theory of principal liability as the holder of the dealer license and personally liable as the principal beneficiary of The Car Company's operations. On June 20, 1997, Baggaley moved to dismiss the second complaint alleging the action was barred by the defense of res judicata. The trial court sustained the motion on December 10, 1997. This court reversed the trial court's judgment upon the authority of Freeman v. Morris (1991), 62 Ohio St.3d 107, that the defense of res judicata may not be raised by a Civ.R. 12(B)(6) motion.
Upon remand, the trial court granted summary judgment to the defendant after he raised the affirmative defense of res judicata in his answers and moved for summary judgment. The trial court granted summary judgment to the defendant upon the authority ofGrava v. Parkman Township (1995), 73 Ohio St.3d 379.
In his first assignment of error, appellant contends the trial court erred in granting summary judgment to the defendant because the evidence supports his claim that the defendant should be liable as a principal for the conduct of his salesperson and personally liable for the damages caused by The Car Company because he personally benefitted from the corporation's conduct.
In Grava v. Parkman Township, supra, the Ohio Supreme Court held that a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action and this is whether it is against the same party or its privies.
The defendant argues that the plaintiff was duty bound to amend his complaint to allege his new legal theories of liability against him before the court entered judgment for the plaintiff against The Car Company. We agree. In Grava v. Parkman Township,supra, Justice Wright explained the new broadened rule of res judicata at pages 382 and 383 of the Court's opinion:
 Today, we expressly adhere to the modern application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25, and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Therefore, we overrule the second paragraph of the syllabus in Norwood, supra, and overrule the second paragraph of the syllabus in Whitehead, supra, to the extent it is inconsistent with today's holding.
 Section 24(1) of the Restatement of Judgments, supra, at 196, provides: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transaction, out of which the action arose." See, also, 46 American Jurisprudence 2d, supra, at Sections 516 and 533. Comment b to Section 24 of the Restatement of Judgments, supra, at 198-199, defines a "transaction" as a "common nucleus of operative facts." Comment c to Section 24 at 200, plainly states: "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."
 Section 25 of the Restatement of Judgments, supra, at 209, further explains: "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." (Emphasis added.) See, also, 46 American Jurisprudence 2d, supra, at Sections 535 and 537. The rationale for such a rule is aptly stated in Comment a to Section 24 of the Restatement of Judgments, supra, at 196-197: "[I]n the days when civil procedure still bore the imprint of the forms of action and the division between law and equity, the courts were prone to associate claim with a single theory of recovery, so that, with respect to one transaction, a plaintiff might have as many claims as there were theories of the substantive law upon which he could seek relief against the defendant. Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. * * * The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *; regardless of the variations in the evidence needed to support the theories or rights." (Emphasis added).
 We hold that Grava's second application for a zoning certificate is barred by the doctrine of res judicata.
Grava's second application is based on a claim arising from a nucleus of facts that was the subject matter of his first application. In both instances, Grava was attempting to construct exactly the same building on the same tract of land, which had fewer acres than Section 404.4 of the local zoning ordinance required. In fact, the only difference between the two applications is the theory of substantive law under which Grava sought relief.
The thrust of Grava is that a plaintiff is duty bound to assert all of his theories of recovery against a defendant before his lawsuit proceeds to final judgment. In this case, a final judgment occurred when the court entered judgment against the co-defendant The Car Company. The trial court appropriately determined that the defense of res judicata precluded the plaintiff from raising his new theories of recovery against Baggaley in the second lawsuit. The first assignment of error is overruled.
In his second assignment, appellant contends the trial court denied him a fair and impartial trial because the court was not disinterested and impartial. This assignment is without merit. The trial court correctly granted summary judgment for the reasons stated in our resolution of the first assignment.
Judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Daniel B. McGuinness
Charley Hess
Hon. Catherine M. Barber