OPINION
Appellant, Robert Harrison, appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division.
In 1986, appellant was appointed successor trustee of the Winona Hamm testamentary trust for the benefit of Christopher Harrison, Winona Hamm's mentally handicapped son and appellant's brother. When appellant was appointed successor trustee, the value of the trust assets was approximately $65,000. In 1995, the probate court removed appellant as trustee for failing to file proper accountings and appointed appellee, Patricia Schraff, as successor trustee. By the time that appellant was removed as trustee, the value of the trust assets was reduced to approximately $20,000, even though no distributions had been made to Christopher Harrison. After removing appellant, the probate court ordered him to file a final accounting. Appellant never complied with this order.
On May 3, 1996, appellee filed a "Motion to Surcharge," citing appellant's failure to comply with his fiduciary duties, namely failing to file proper accountings. After a hearing on the motion, the probate court surcharged appellant in the amount of $145,154.68. Appellant timely appealed that judgment; we reversed the trial court's judgment and entered final judgment in favor of appellant, concluding that there was no evidence that appellant was negligent in his administration of the trust or that any alleged negligence proximately caused damage to it. We held that because no evidence of negligence was presented against appellant, we had no discretion to reverse and remand for further hearings on the issue of appellant's negligence. See In the Matter of: TheTestamentary Trust of Winona D. Hamm (Nov. 28, 1997), Geauga App. No. 96-G-2023, unreported.
On December 5, 1997, the probate court filed and served a citation on appellant to appear and file a final account. On February 17, 1998, appellee filed a complaint for conversion, concealment, and embezzlement of trust assets against appellant. On March 27, 1998, appellant filed a petition under Chapter 7 of the Bankruptcy Code and notified the probate court of that filing, suggesting that further proceedings in the probate court were stayed. On March 31, 1998, the probate court held a citation hearing, determining that the automatic stay provided by the Bankruptcy Code did not apply to the citation hearing. The probate court proceeded with the hearing and found appellant in contempt for failing to appear at the hearing. On April 2, 1998, the probate court issued a bench warrant for appellant's arrest and imposed a fine of $250 for each day that he failed to file an account. Appellant timely appealed the trial court's determination that the citation hearing was not stayed, and we affirmed the trial court's judgment in In the Matter of: The Testamentary Trust ofWinona D. Hamm (June 25, 1999), Geauga App. No. 98-G-2147, unreported.
Because appellant failed to comply with the trial court's order that he file an account, on October 20, 1998, appellee filed a final and distributive account for the administration of the trust during the period that appellant was trustee. On November 5, 1998, appellant filed a motion to dismiss appellee's complaint for failure to state a claim on the grounds of res judicata. Appellant argued that this court's reversal of the trial court's judgment surcharging appellant barred a second proceeding to recover trust assets from him because the causes of action asserted in appellee's complaint for conversion, concealment, and embezzlement could have been raised in the first surcharge proceeding. On November 6, 1998, appellant filed exceptions to appellee's final account and filed revised exceptions to the account on December 10, 1998. The trial court consolidated the hearings on the account and the exceptions with the complaint for conversion, concealment, and embezzlement and set the matter for December 15, 1998.
Appellant did not appear at the hearing, but was represented by counsel. After the trial court denied appellant's motion to dismiss on the grounds of res judicata, appellee presented evidence to demonstrate that appellant mismanaged the trust and converted assets. Appellee testified to the following misappropriations: appellant redeemed bonds and deposited the money in his personal checking account; appellant loaned money to friends and family members and made no effort to collect the loans; appellant purchased stock in nonexistent companies and fabricated stock certificates for them; and appellant wrote checks from the trust account payable to cash and paid debts of his daughter out of the trust account.
On May 11, 1999, the trial court determined that appellant embezzled and wrongfully conveyed assets belonging to the trust. The trial court concluded that appellant owes $114,614.68 to the trust and attorney fees and costs of $17,450.55. Appellant was also fined for his failure to file an account from March 31, 1998 to October 16, 1998, in the amount of $49,500. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of Defendant-Appellant Robert M. Harrison by entering judgment against him on the successor trustee's complaint for conversion, concealment, and embezzlement where such complaint was barred by the doctrine of res judicata and the court's judgment is contrary to law.
 "[2.] The trial court erred to the prejudice of Defendant-Appellant Robert M. Harrison by denying his motion for an order dismissing the successor trustee's complaint for conversion, concealment and embezzlement."
Because appellant's assignments of error are interrelated, they will be addressed together. Appellant contends that the instant action was barred by the doctrine of res judicata and appellee's complaint should have been dismissed. Appellant asserts that because res judicata applies, appellee was precluded from filing a second suit against him and the trial court erred by not granting his motion to dismiss appellee's complaint.
We do not need to address whether the claims raised by appellee in her complaint for conversion, concealment, and embezzlement were barred byres judicata because appellant waived the affirmative defense of resjudicata by not properly asserting it in the court below. "* * *[T]he defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109, 579 N.E.2d 702. Res judicata may be raised by motion for summary judgment; however, appellant failed to file a motion for summary judgment and did not file any Civ.R. 56 evidentiary material to enable the trial court to convert his motion to dismiss into a motion for summary judgment. See id., (a motion to dismiss under Civ.R. 12(B)(6) may not be converted into a motion for summary judgment if Civ.R. 56(C) evidence is not attached).
Pursuant to Civ.R. 8(C), a party shall set forth res judicata in a responsive pleading. In the instant case, appellant failed to file an answer to appellee's complaint. It is well established that a party waives an affirmative defense unless it is properly raised in the trial court. Gallagher v. Cleveland Browns Football Co. Inc. (1994),93 Ohio App.3d 449, 464, 638 N.E.2d 1082. Appellant did not properly raise the affirmative defense of res judicata because he never set it forth in a responsive pleading and did not file a motion for summary judgment; therefore, he waived the defense of res judicata and may not argue on appeal that appellee's action for conversion, concealment and embezzlement was barred by res judicata. See Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 322 N.E.2d 629
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.
 __________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., concurs in judgment only, O'NEILL, J., concurs.