[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, plaintiff-appellant Frank S. Spina challenges the decision of the trial court to dismiss his complaint with prejudice. The complaint was filed subsequent to an earlier unsuccessful action brought by Spina against Safe Auto Insurance Company in municipal court. The complaint alleged bad faith by Safe Auto Insurance Company for its conduct in the earlier action. The record transmitted to this court is limited to the current action brought by Spina in the court of common pleas. Safe Auto Insurance Company filed a motion to dismiss the complaint "pursuant to Civ.R. 12(B)(6) because Plaintiff's claim is barred by the doctrine of res judicata," rather than filing an answer. Safe Auto Insurance Company limited its argument in the motion to that of resjudicata. The trial court's entry is silent as to the reasons for its dismissal, other than noting that it was for "good cause shown." We also note that the record is devoid of evidentiary matter that the trial court could have used had it chosen to convert the motion to dismiss to one for summary judgment.[1]
The Ohio Supreme Court has twice reversed dismissals of cases where no answer was filed and the affirmative defense of res judicata was raised in a motion to dismiss under Civ.R. 12(B).[2] "Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by [a] motion to dismiss under Civ.R. 12(B)."[3] Spina's single assignment of error is sustained.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109, 579 N.E.2d 702, 703, citing Johnson v. Linder (1984),14 Ohio App.3d 412, 471 N.E.2d 815 (res judicata can be raised in a motion for summary judgment); see, also, Intl. EPDM Rubber RoofingSystems, Inc .v. GRE Insurance Group (May 4, 2001), Lucas App. No. L-00-1293, unreported.
[2] See Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18,20, 688 N.E.2d 506; State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703.
[3] See id. at 109, 579 N.E.2d at 703 (citation omitted).