This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ralph R. Kashnier, Jr., appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
On June 1, 1979, Mr. Kashnier and Roberta Donnelly, appellee, were granted a decree of dissolution of marriage. A separation agreement was incorporated into the decree, in which Mr. Kashnier acknowledged that Ralph Henry Kashnier, III, ("Ralph") was his son and agreed to pay a certain sum in child support. In 1990, Ms. Donnelly filed a motion for a lump sum judgment for child support arrearages. The trial court found that Mr. Kashnier owed $14,720 in unpaid child support. Mr. Kashnier timely appealed that decision, which was affirmed by this court inDonelly v. Kashnier (Feb. 27, 1991), Medina App. No. 1939, unreported. In 1999, the trial court entered a judgment in favor of Ms. Donnelly, finding Mr. Kashnier $14,720 in arrears of his child support obligation. Mr. Kashnier later attempted to discharge the $14,720 in a bankruptcy proceeding; however, the bankruptcy court determined that the amount was non-dischargeable debt, as it represented an amount owed for child support.
On November 20, 2000, Mr. Kashnier moved the trial court for an order requiring Ms. Donnelly and her son to submit to genetic testing in order to determine whether Mr. Kashnier was Ralph's biological father. In addition, pursuant to R.C. 3113.2111, he moved for a determination that he is not Ralph's biological father and for relief, based upon the genetic testing results, from the judgment ordering him to pay child support arrearages. The matter was stayed pending the resolution of an appeal regarding whether the $14,720 judgment in favor of Ms. Donnelly was for the amount of unpaid child support. See Donnelly v. Kashnier (Mar. 14, 2001), Medina App. No. 3111-M, unreported. After the appeal had been decided, Mr. Kashnier renewed his motion for genetic testing on March 16, 2001. On June 14, 2001, he filed a brief in support of the motion, noting that R.C. 3113.2111 had recently been amended and renumbered as R.C. 3119.962.[1] In an order journalized on July 16, 2001, the trial court sua sponte dismissed Mr. Kashnier's motion for genetic testing on the grounds of res judicata. This appeal followed.
Mr. Kashnier asserts a single assignment of error for review:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING DEFENDANT-APPELLANT'S MOTION FOR GENETIC TESTING WITHOUT CONDUCTING A HEARING, WHICH THE COURT HAD PREVIOUSLY ORDERED.
Mr. Kashnier avers that the trial court abused its discretion in dismissing his motion for genetic testing on res judicata grounds without first conducting a hearing. We agree.
A determination of whether the doctrine of res judicata applies is a question of law, which an appellate court reviews de novo. State v.Chandler (Nov. 7, 2001), Medina App. No. 3153-M, unreported, at 3. The Ohio Supreme Court has held that the doctrine of res judicata can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree. Gilbraith v. Hixson (1987),32 Ohio St.3d 127, syllabus. Notably, the doctrine of res judicata is comprised of two branches: claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381.
Regarding claim preclusion, the Ohio Supreme Court has held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. As to issue preclusion, "once a court of competent jurisdiction has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." Chandler, supra, at 4, citingMontana v. United States (1979), 440 U.S. 147, 153, 59 L.Ed.2d 210, 217.
In the case at bar, Mr. Kashnier requested genetic testing and moved for relief from a child support order, pursuant to R.C. 3119.962. R.C.3119.961(A) provides that "[n]otwithstanding the provisions to the contrary in civil rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person * * * is the father of a child or from a child support order under which the person * * * is the obligor." R.C. 3119.962(A) governs the conditions for granting relief based on genetic testing from such a final judgment or court order and enumerates situations in which a domestic relations court shall not grant relief. Significantly, a domestic relations court shall not grant relief if it "determines, by a preponderance of the evidence, that the person * * * knew that he was not the natural father of the child before * * * [t]he person * * * otherwise admitted or acknowledged himself to be the child's father." R.C. 3119.962(B)(3). This statute generally applies retroactively. R.C. 3119.967.[2]
In the present case, the trial court sua sponte dismissed Mr. Kashnier's motion on the basis of res judicata and applied the R.C.3119.962(B)(3) exception. The trial court's decision, however, does not specify upon which prior decision(s) res judicata is predicated. In her appellate brief, Ms. Donnelly directs our attention to previous decisions of this court and, in particular, relies on Kashnier v. Donelly (Oct. 2, 1991), Medina App. No. 1994, unreported. In that decision, this court upheld the trial court's dismissal of Mr. Kashnier's parentage action onres judicata grounds. Id. at 3. In doing so, we found that, prior to Mr. Kashnier acknowledging Ralph as his child in the separation agreement, Mr. Kashnier had been informed that he was not the father of Ralph. Id. This court's October 2, 1991 decision, however, does not affirmatively appear in the trial court record. Although Ms. Donnelly has appended a copy of the decision to her appellate brief, it is not properly before this court on appeal, as it was not part of the trial court record. See App.R. 9(A) and 12(A)(1)(b); see, also, Cuyahoga Falls v. Clifton (Mar. 1, 1995), Summit App. No. 16572, unreported, at 6. As the October 2, 1991 decision was not before the trial court, the trial court was not permitted to rely thereon in finding that Mr. Kashnier's motion was barred by either the claim or issue preclusion branch of res judicata. SeeChiaramonte v. Hardman (July 13, 1988), Summit App. No. 13474, unreported, at 5-6; see, also, McClain v. Noah (Feb. 23, 1995), Cuyahoga App. No. 67841, unreported, 1995 Ohio App. LEXIS 657, at *2-3; Kerns v.West Mansfield (Dec. 15, 1989), Logan App. No. 8-87-20, unreported, 1989 Ohio App. LEXIS 4810, unreported, at *8. Furthermore, there was no other evidence before the trial court upon which a res judicata determination could be based.[3] Consequently, we conclude that the trial court erred in dismissing Mr. Kashnier's motion on the basis of res judicata, as it did not have any evidence upon which to make the res judicata
determination. Accordingly, Mr. Kashnier's assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., CARR, J. CONCUR.
[1] R.C. 3113.2111 had an effective date of October 27, 2000, and was amended and renumbered R.C. 3119.962 on March 22, 2001.
[2] R.C. 3119.967 states that, except as otherwise provided in R.C. 3119.961 to 3119.967, "a party is entitled to obtain relief under [R.C. 3119.962] regardless of whether the judgment, order, or determination from which relief is sought was issued prior to, on, or after October 27, 2000."
[3] We note that, in order to properly raise res judicata as a defense, Ms. Donnelly was required to file a motion for summary judgment and attach relevant evidence in conformity with Civ.R. 56(C). See Blackv. Wadsworth Bd. of Edn. (Aug. 22, 2001), Medina App. No. 3126-M, unreported, at 4 (holding that the defense of res judicata may not be raised by way of a motion to dismiss). A certified copy of a judgment entry from another case is not one of the types of materials listed in Civ.R. 56(C). State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109; Boston v. Lambert (Nov. 30, 1994), Lawrence App. Nos. 93CA40 and 93CA44, unreported, 1994 Ohio App. LEXIS 5592, at *15, fn. 6. As such, it could only be considered, if it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See Freeman,62 Ohio St.3d at 109; Modon v. Cleveland (Dec. 22, 1999), Medina App. No. 2945-M, unreported, at 5; Boston, supra, at *15, fn. 6.