This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Greg and Michelle Blakeley, appeal the decision of the Summit County Court of Common Pleas. We reverse and remand.
{¶ 2} The Blakeleys entered into a written month-to-month lease with City Management Systems, Inc. ("City Management") for real property located at 26 E. Tallmadge Avenue, #4, Akron, Ohio, Summit County. Under the terms of the lease, either party could elect not to renew the lease by serving the other with a thirty-day notice. On December 29, 2000, City Management sent the Blakeleys a thirty-day notice of non-renewal, but the Blakeleys failed to vacate the premises within thirty days. On February 1, 2001, City Management sent the Blakeleys a three-day notice to vacate the premises. On February 14, 2001, City Management filed a complaint with the Akron Municipal Court, Case No. 01-CVG-1503, seeking eviction of the Blakeleys. The Blakeleys counterclaimed for retaliatory eviction, breach of contract, and intentional and negligent infliction of emotional distress. The case was transferred to the Summit County Court of Common Pleas, Case No. CV 01-04-1657, because the prayer for relief exceeded the jurisdiction of the Akron Municipal Court. City Management filed a motion to dismiss the Blakeleys' counterclaims.
{¶ 3} City Management then filed a second complaint to evict the Blakeleys for non-payment of rent in the Akron Municipal Court, Case No. 01-CVG-02967. The Blakeleys again counterclaimed for retaliatory eviction, breach of contract, and intentional and negligent infliction of emotional distress, and amended their counterclaims to include failure to return security deposit and unlawful entry in violation of R.C. 5321.04. City Management filed a motion to dismiss the counterclaims. The motion to dismiss and the counterclaims were transferred to the Summit County Court of Common Pleas, Case No. CV 01-10-5178, because the prayer for relief exceed the jurisdiction of the Akron Municipal Court. Case No. CV 01-10-5178 was assigned to a different judge than Case No. CV 01-04-1657.
{¶ 4} On October 18, 2001, the first Common Pleas Court Judge granted City Management's motion to dismiss the counterclaims in Case No. CV 01-04-1657 and sent City Management's eviction claim back to the Akron Municipal Court. The Blakeleys appealed the first Common Pleas Court Judge's decision to this Court. In a journal entry, this Court found that the first Common Pleas Court Judge's order was not a final appealable order because it did not resolve all claims existing between the parties.
{¶ 5} On May 30, 2002, the second Common Pleas Court Judge granted City Management's motion to dismiss the counterclaims in Case No. CV 01-10-5178. It is from the second Common Pleas Court Judge's order granting dismissal of the counterclaims in Case No. CV 01-10-5178 that the Blakeleys now appeal. The second Common Pleas Court Judge did not rule on City Management's claims, but rather sent those claims back to the Akron Municipal Court.
{¶ 6} Despite City Management's assertion in their brief that "[o]n October 2, 2001, Appellants were evicted by order of the Court," there is no evidence in the record of when the Akron Municipal Court ruled on the cases. In fact, as shown by the municipal court's order, the cases in the Akron Municipal Court were not consolidated until June 25, 2002.
{¶ 7} Appellants assert three assignments of error. We will address the second and third assignments of error together for ease of discussion.
 First Assignment of Error
{¶ 8} "THE TRIAL COURT ERRED DISMISSING APPELLANTS' FIRST CAUSE OF ACTION ON GROUNDS OF RES JUDICATA."
{¶ 9} In their first assignment of error, the Blakeleys assert that the trial court erred in dismissing their counterclaim for retaliatory eviction on grounds of res judicata. We agree.
{¶ 10} We review a dismissal under Civ.R. 12(B)(6) de novo. Huntv. Marksman Prods., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762.
{¶ 11} The second Common Pleas Court Judge dismissed the first three counterclaims based upon res judicata because the same three counterclaims had been raised and dismissed in the first Common Pleas Court Judge's case. The doctrine of res judicata is explained as: "`a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Holzemer v.Urbanski (1999), 86 Ohio St.3d 129, 133, quoting Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379.
{¶ 12} The second Common Pleas Court Judge's dismissal of the Blakeleys' first, second, and third counterclaims is based on attachments to City Management's motion to dismiss. These attachments include copies of the complaint, the answer and counterclaims, and the first Common Pleas Court Judge's judgment entry on the motion to dismiss in the initial case. The second Common Pleas Court Judge based her decision to dismiss on matters outside the pleadings, namely, the first Common Pleas Court Judge's prior decision. When a motion to dismiss for failure to state a claim presents materials outside the pleadings, the case is treated as if the motion to dismiss was converted into a motion for summary judgment. See Civ.R. 12(B); see, also, State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109. The Ohio Supreme Court discussed similar facts:
{¶ 13} "In such a case, Civ.R. 12(B) requires that the court consider `only such matters outside the pleadings as are specifically enumerated in Rule 56.' Civ.R. 56(C) enumerates `pleadings[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' The complaints and judgment entries, submitted without affidavit, are none of these. Accordingly, the case is not a proper one for summary judgment.
{¶ 14} "Nor was the case subject to dismissal under Civ.R. 12(B). Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention resjudicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." Id. (citations ommitted).
{¶ 15} Res judicata may be raised by motion for summary judgment, however, as previously discussed, City Management's motion to dismiss was not proper for conversion into a motion for summary judgment because the complaint and judgment entries, submitted without affidavit, were not proper Civ.R. 56(C) evidence. See id. In addition, if a trial court converts a motion to dismiss into a motion for summary judgment, the trial court must give notice to the parties and reasonable opportunity to present Civ.R. 56 evidence. See Cooper v. Highland Cty. Bd. of Commrs., 4th Dist. No. 01CA15, 2002-Ohio-2353, ¶ 9. In the present case, the trial court did not give the parties notice.
{¶ 16} The Blakeleys' first assignment of error is sustained.
 Second Assignment of Error
{¶ 17} "IT WAS IMPROPER TO DISMISS APPELLANTS' CLAIM FOR RETURN OF SECURITY DEPOSIT UNDER CIVIL RULE 12(B)(6)."
 Third Assignment of Error
{¶ 18} "SINCE APPELLANTS PRESENTED A PRIMA FACIE CASE FOR ILLEGAL ENTRY (O.R.C. § 5321.04), THAT CLAIM SHOULD NOT HAVE BEEN DISMISSED UNDER CIVIL RULE 12(B)(6)."
{¶ 19} In their second and third assignments of error, the Blakeleys assert that the trial court erred in dismissing their claims for return of security deposit and for wrongful entry of the property. We agree.
{¶ 20} As previously discussed, we review a dismissal under Civ.R. 12(B)(6) de novo. Hunt, 101 Ohio App.3d at 762.
{¶ 21} The Blakeleys asserted in their counterclaim that City Management failed to return their security deposit and wrongfully entered the property without notice or authorization required by R.C. 5231.04. As with the first assignment of error, the trial court's dismissal of these counterclaims was based on certain attachments to City Management's motion to dismiss. These attachments include copies of the complaint, the answer and counterclaims, the first Common Pleas Court Judge's judgment entry on the motion to dismiss in the initial case, a security deposit statement, and a letter from the Blakeleys' attorney. The second Common Pleas Court Judge based her decision to dismiss on matters outside the pleadings, namely, the security deposit statement and the letter from the Blakeleys' attorney. When a motion to dismiss for failure to state a claim presents materials outside the pleadings, the case is treated as if the motion to dismiss was converted into a motion for summary judgment. See Civ.R. 12(B); see, also, Freeman, 62 Ohio St.3d at 109.
{¶ 22} As this Court stated under the first assignment of error, when a motion to dismiss is converted into a motion for summary judgment, the trial court may only consider materials outside the pleadings that are specifically enumerated in Civ.R. 56(C). See id. The complaint, judgment entry, and letters, submitted without affidavit, are none of these. See id. In addition, if a trial court converts a motion to dismiss into a motion for summary judgment, the trial court must give notice to the parties and reasonable opportunity to present Civ.R. 56 evidence. See Cooper, at ¶ 9. In the present case, the trial court did not give the parties notice. City Management's motion to dismiss was not properly converted into a motion for summary judgment.
{¶ 23} The Blakeleys' second and third assignments of error are sustained.
{¶ 24} The Blakeleys' assignments of error are sustained. The decision of the Summit County Court of Common Pleas is reversed and the cause remanded.
BAIRD, P.J. and CARR, J., CONCUR.