FIRSTMERIT BANK, Appellant,

v.

HORTPRO, INC., et al., Appellees.

[Cite as *FirstMerit Bank v. Hortpro, Inc.,* 179 Ohio App.3d 339, 2008-Ohio-5975.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24152.

Decided Nov. 19, 2008.

See also 2006 WL 5128217.

Andrew C. Voorhees, for appellant.

Michelle L. DiBartolo, for appellees.

Per Curiam.

{¶ 1} Plaintiff-appellant, FirstMerit Bank, N.A., appeals the judgment of the Summit County Court of Common Pleas dismissing its complaint against defendant and appellees, Hortpro, Inc., and Kaan M. Aydin (collectively, "Hortpro"). We reverse.

{¶ 2} On November 6, 2007, the bank filed a complaint for replevin and conversion against Hortpro seeking possession of certain assets that the bank alleged Hortpro had pledged as collateral to secure repayment of a cognovit promissory note executed by Hortpro on November 7, 2001 (the "note"). The bank had previously obtained a judgment on the note in the amount of $281,865.36, plus interest and court costs, in Summit County Court of Common Pleas Case No. CV 2006-03-2069 ("first action"). On November 21, 2007, Hortpro moved the trial court for a hearing on the matter, and a hearing was set for January 25, 2008. On January 10, 2008, Hortpro moved to dismiss the action based on the doctrine of res judicata and the judgment entered in the first action. The bank responded on February 1, 2008. On February 4, 2008, the bank voluntarily dismissed its conversion claim. On March 5, 2008, the trial court dismissed the bank's complaint, finding that it was "barred by the doctrine of res

judicata because [the bank] received judgment on the promissory note in" the first action.

{¶ 3} The bank timely appealed and raises one assignment of error.

### Assignment of Error

"The trial court erred by granting [Hortpro's] motion to dismiss."

{¶ 4} In its first assignment of error, the bank asserts that the trial court erred when it dismissed its complaint based on the doctrine of res judicata. The bank maintains that it is entitled to seek possession of the collateral assets by a replevin action because it has a valid and subsisting security agreement for the assets and an action for replevin and a complaint for money damages are separate and distinct. Moreover, the bank maintains, "any requirement to file a Replevin Complaint and Motion for Possession before filing a Complaint on a Cognovit Note pursuant to Ohio Revised Code 2323.12 and 2323.13 is contrary to the purpose of Judgment by Confession." Such a requirement would "render any cognovit provision in a promissory note void."

{¶ 5} Hortpro asserts that R.C. 2737.02 expressly prohibits a party from seeking possession of personal property after final judgment has been entered. Hortpro also asserts that the bank could have and should have sought possession of the assets in the first action and thus is precluded from doing so now by the doctrine of res judicata.

{¶ 6} We agree that the trial court improperly dismissed the bank's complaint, but for different reasons. A trial court may not grant a motion to dismiss based on res judicata. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702; *Nosal v. Fairlawn Corporate Ctr.*, 9th Dist. No. 23846, 2008-Ohio-414, 2008 WL 314983, at ¶ 13; *Niepsuj v. Summa Health Sys.*, 9th Dist. Nos. 21557 and 21559, 2004-Ohio-115, 2003 WL 23153220, at ¶ 7, citing *Freeman*, 62 Ohio St.3d 107, 579 N.E.2d 702. Moreover, the trial court based its decision on matters outside the pleadings, i.e., the judgment entry in the first action, without properly converting the motion into one for summary judgment. As in *Freeman*, "it treated the case as if it were converting the motion to dismiss into a motion for summary judgment. In such a case, Civ.R. 12(B) requires that the court consider 'only such matters outside the pleadings as are specifically enumerated in Rule 56.' Civ.R. 56(C) enumerates 'pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' " Id. The pleadings in the first action, submitted without affidavit, are none of these. See id. See also *Costoff v. Akron Gen. Med. Ctr.*, 9th Dist. No. 22010, 2004-Ohio-5166, 2004 WL 2244474, at ¶ 14–15 (noting that a certified copy of judgment entry without an affidavit would be proper Civ.R. 56(C) evidence). Accordingly, the case is not a

proper one for summary judgment and, as set forth above, a trial court may not grant a motion to dismiss based on res judicata. *Freeman.*

{¶ 7} The bank's assignment of error is sustained, and the judgment of the Summit County Court of Common Pleas is reversed.

Judgment reversed.

CARR, P.J., and MOORE, J., concur.

SLABY, J., dissents.

SLABY, Judge, dissenting.

{¶ 8} I respectfully dissent. While I acknowledge the rule set forth in *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702, the bank did not raise this issue in response to Hortpro's motion to dismiss or on appeal, and I would not make the argument or consider its merit sua sponte. I would address the merits of the bank's appeal and upon review of the merits, I would affirm.