[Cite as *Weir Foulds, L.L.P. v. Restivo*, 2014-Ohio-1133.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WEIR FOULDS LLP

    Appellee

    v.

PETER RESTIVO

    Appellant

C.A. No.      13CA010349

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV167282

DECISION AND JOURNAL ENTRY

Dated: March 24, 2014

CARR, Judge.

{¶1}   Appellant, Peter Restivo, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   This matter arises out of a dispute over legal fees between Restivo and appellee, Weir Foulds, LLP, a law firm located in Ontario, Canada.  Restivo hired Weir Foulds in relation to a prospective real estate venture in Canada.  In 2009, Weir Foulds obtained a judgment against Restivo in the Ontario Superior Court of Justice.  On April 22, 2010, Weir Foulds filed a notice of filing the foreign judgment in the Lorain County Court of Common Pleas.  Subsequently, Weir Foulds filed a motion for leave to file an amended notice of foreign judgment.  The trial court granted the motion on February 16, 2012.

{¶3}   On March 5, 2012, Weir Foulds filed an "Amended Notice of Filing a Foreign Judgment from Ontario, Canada to Lorain County, Ohio."  Restivo filed a response.

Subsequently, on April 30, 2012, Restivo filed a combined motion styled, "Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, and Motion to Disregard and Not Recognize the Amended Notice of Filing Foreign Judgment." Weir Foulds filed a brief in opposition to the combined motion, and Restivo filed a reply brief. Thereafter, with leave of court, Weir Foulds filed a sur-reply brief, and Restivo filed a brief in response to the sur-reply brief.

{¶4} On January 2, 2013, the trial court issued a journal entry denying the combined motion.

{¶5} On February 1, 2013, Restivo filed a notice of appeal. On appeal, Restivo raises four assignments of error. As Restivo raises several threshold issues relating to the authentication of the judgment, this Court rearranges his assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY ITS RECOGNITION OF A FOREIGN JUDGMENT BY ITS DENIALS OF THE MOTION TO DISMISS, THE MOTION FOR JUDGMENT UPON THE PLEADINGS, THE MOTION FOR SUMMARY JUDGMENT, AND THE MOTION TO DISREGARD AND NOT RECOGNIZE THE AMENDED NOTICE OF FILING FOREIGN JUDGMENT, WHEN SUCH AMENDED NOTICE OF FILING OF FOREIGN JUDGMENT DOES NOT HAVE ATTACHED AN ATTESTATION OF A COPY OF THE JUDGMENT RENDERED IN THE ONTARIO SUPERIOR COURT OF JUSTICE ATTESTED TO BY THE REGISTRAR OF THE ONTARIO SUPERIOR COURT OF JUSTICE.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED BY ITS RECOGNITION OF A FOREIGN JUDGMENT BY ITS DENIALS OF THE MOTION TO DISMISS, THE MOTION FOR JUDGMENT UPON THE PLEADINGS, THE MOTION FOR SUMMARY JUDGMENT, AND THE MOTION TO DISREGARD AND NOT RECOGNIZE THE AMENDED NOTICE OF FILING FOREIGN JUDGMENT, WHEN SUCH AMENDED NOTICE OF FILING OF FOREIGN JUDGMENT DOES HAVE ATTACHED A CERTIFICATE OF A JUDGE OF THE

ONTARIO SUPERIOR COURT OF JUSTICE THAT THE ATTESTATION OF A COPY OF THE JUDGMENT RENDERED IN THE ONTARIO SUPERIOR COURT WAS ATTESTED TO BY THE REGISTRAR OF THE ONTARIO SUPERIOR COURT OF JUSTICE AND IS IN PROPER FORM.

{¶6} In his third and fourth assignments of error, Restivo contends that Weir Foulds did not properly authenticate the Canadian judgment pursuant to R.C. 2329.022 and 28 U.S.C. 1738. This Court disagrees.

{¶7} Initially, we note that R.C. 2329.022 states:

A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas.

{¶8} R.C. 2329.022 references the federal full faith and credit statute, 28 U.S.C. 1738, which states:

The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory, or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such States, Territory or Possession from which they are taken.

{¶9} Restivo contends that the terms "attestation" and "certificate" are technical terms that require testimonial statements made under oath, and that there is no evidence that the attestation and certificate in this case constituted testimonial statements.

{¶10} Restivo has not pointed to any case law in support of the proposition that the requirements of R.C. 2329.022 and 28 U.S.C. 1738 are applicable to foreign country judgments. It is evident that the Ohio General Assembly has drawn a clear distinction between "foreign judgments" rendered in other American states and "foreign country judgments" which are rendered outside of the United States. "As used in sections 2329.021 to 2329.027 of the Revised Code, 'foreign judgment' means any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." R.C. 2923.021. Conversely, judgments rendered outside the United States are governed by Ohio's Uniform Foreign Money-Judgments Recognition Act, codified in R.C. 2329.90 through R.C. 2329.94. The Act defines "foreign country judgment" as "any judgment of a foreign country that grants or denies the recovery of a sum of money[.]" R.C. 2329.90(B). In support of his assertion that the requirements of R.C. 2329.022 are applicable to the Canadian judgment in this case, Restivo relies solely on the language of R.C. 2329.91(A) which states, in part, "a foreign country judgment is enforceable in this state in the same manner as a judgment of another state that is entitled to full faith and credit." The language of R.C. 2329.91(A) can be read as a statement regarding the legal effect and enforceability of a foreign country judgment, not as a requirement that a foreign country judgment be authenticated pursuant to R.C. 2329.022 and 28 U.S.C. 1738. The plain language of 28 U.S.C. 1738 suggests the statute was not intended to be applicable to foreign country judgments as it expressly deals with legislative and judicial actions from "any State, Territory, or Possession of the United States[.]" Moreover, Ohio's Uniform Foreign Money-Judgments Recognition Act makes no reference to R.C. 2329.022 and 28 U.S.C. 1738. Thus, an argument could be made that if the General Assembly intended to incorporate the

requirements of R.C. 2329.022 and 28 U.S.C. 1738 into the Uniform Foreign Money-Judgments Recognition Act, it would have done so expressly.

{¶11} Assuming arguendo that the requirements of R.C. 2329.022 and 28 U.S.C. 1738 are applicable in this case, a review of the record reveals that Weir Foulds satisfied those requirements. It is apparent from the language of 28 U.S.C. 1738 that the attestation and certificate requirements are designed to verify the truth and accuracy of the foreign judgment filed in an Ohio court. Here, George Argyropoulos attested to the validity of the foreign judgment as Registrar of the Ontario Superior Court of Justice, and Judge George R. Strathy certified the judgment and attestation as "correct and [] in proper form." The attestation of judgment bears the seal of the Ontario Superior Court of Justice. Both the attestation and certificate were specifically designed to verify and authenticate the foreign country judgment, and Registrar Argyropoulos and Judge Strathy signed the documents in their official capacities as officers of the Ontario Superior Court of Justice. It follows that Weir Foulds satisfied the requirements set forth in 28 U.S.C. 1738.

{¶12} Restivo's third and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ITS RECOGNITION OF A FOREIGN JUDGMENT BY ITS DENIALS OF THE MOTION TO DISMISS, THE MOTION FOR JUDGMENT UPON THE PLEADINGS, THE MOTION FOR SUMMARY JUDGMENT, AND THE MOTION TO DISREGARD AND NOT RECOGNIZE THE AMENDED NOTICE OF FILING FOREIGN JUDGMENT, WHEN SUCH FOREIGN JUDGMENT IS RENDERED UNDER A SYSTEM THAT DOES NOT PROVIDE PROCEDURES THAT ARE COMPATIBLE WITH THE REQUIREMENTS OF DUE PROCESS OF LAW, THE ENTITLEMENT TO THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF TRIAL BY JURY GUARANTEED UNDER THE OHIO CONSTITUTION ARTICLE 1, SECTION 5, AND THE U.S. CONSTITUTION 7TH AMENDMENT, AND THE ENTITLEMENT OF DUE PROCESS OF LAW UNDER THE DUE PROCESS CLAUSES OF BOTH THE OHIO

CONSTITUTION ARTICLE 1, SECTION 16 AND THE U.S. CONSTITUTION 14TH AMENDMENT.  R.C. 2329.91(B)(1).

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY ITS RECOGNITION OF A FOREIGN JUDGMENT BY ITS DENIALS OF THE MOTION TO DISMISS, THE MOTION FOR JUDGMENT UPON THE PLEADINGS, THE MOTION FOR SUMMARY JUDGMENT, AND THE MOTION TO DISREGARD AND NOT RECOGNIZE THE AMENDED NOTICE OF FILING FOREIGN JUDGMENT, WHEN SUCH FOREIGN JUDGMENT IS AGAINST THE PUBLIC POLICY OF THE FORUM STATE, THE ENTITLEMENT TO THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF TRIAL BY JURY GUARANTEED UNDER THE OHIO CONSTITUTION ARTICLE 1, SECTION 5, AND THE U.S. CONSTITUTION 7TH AMENDMENT, AND THE ENTITLEMENT OF DUE PROCESS OF LAW UNDER THE DUE PROCESS CLAUSES OF BOTH THE OHIO CONSTITUTION ARTICLE 1, SECTION 16 AND THE U.S. CONSTITUTION 14TH AMENDMENT.  R.C. 2329.92(A)(3).

{¶13}  In his first and second assignments of error, Restivo challenges the validity of the Canadian judgment on the basis that the case was resolved by way of a summary trial instead of a jury trial.  This Court disagrees.

{¶14}  As noted above, Restivo filed a motion that professed to be a combined motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, and "motion to disregard and not recognize the amended notice of filing foreign judgment."  The "motion to disregard" the foreign judgment, while not filed pursuant to a formal rule under the Ohio Rules of Civil Procedure, appears to simply reflect Restivo's position that the foreign judgment was invalid as a matter of law.  While Restivo purported to file motions pursuant to Civ.R. 12(B)(6) and Civ.R. 12(C), a review of the record reveals that Restivo relied heavily on matters outside the pleadings in support of his position that the Canadian procedure did not satisfy Ohio due process standards.  Thus, as the materials Restivo attached in support of his combined motion are central to his position, we will review the trial court's disposition of these claims under the

summary judgment standard. *See* Civ.R 12(B); *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991).

{¶15} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶16} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶18} In support of his first and second assignments of error, Restivo argues that the summary trial procedure utilized in this case was not compatible with Ohio due process standards as well as Ohio public policy. Restivo further contends that the Canadian master's decision at the pretrial conference to have a summary trial instead of a jury trial was influenced by favoritism toward Weir Foulds.

{¶19} "Like sister-state judgments, foreign judgments have a strong presumption of validity in United States courts." *Samyang Food Co., Ltd. v. Pneumatic Scale Corp.*, N.D.Ohio No. 5:05-CV-636, 2005 WL 2711526, *5 (Oct. 21, 2005), citing *Clarkson Co. v. Shaheen*, 544 F.2d 624, 631 (2d Cir.1976). "The party challenging the validity of a foreign judgment has the burden of presenting evidence of its invalidity." *Id*. American courts have long recognized that "mere divergence from American procedure does not render a foreign judgment unenforceable." *Canadian Imperial Bank of Commerce v. Saxony Carpet Co., Inc.*, 899 F.Supp. 1248, 1252 (S.D.N.Y.1995).

{¶20} "Unless some federal statute or treaty is involved, the recognition and enforcement of foreign country judgments is a matter of state law. Actions to enforce a foreign country judgment do not arise under the laws of the United States. Therefore, federal courts apply state law in deciding whether foreign judgments should be recognized." *Samyang* at *5, citing *Erie v. Tompkins*, 304 U.S. 64 (1938).

{¶21} As noted above, Ohio's Foreign Money-Judgments Recognition Act is codified in R.C. 2329.90 through R.C. 2329.94. R.C. 2329.91 states, in part:

> (A) Except as provided in sections 2329.92 and 2329.93 of the Revised Code, any foreign country judgment that is final, conclusive, and enforceable where rendered shall be recognized and enforced by the courts of this state, even though an appeal from the judgment is pending or the judgment is subject to an appeal. Such a foreign country judgment is enforceable in this state in the same manner as a judgment of another state that is entitled to full faith and credit.

(B) For purposes of division (A) of this section, a foreign country judgment is conclusive between the parties to the extent that it grants or denies the recovery of a sum of money, except that, if any of the following applies, a foreign country judgment is not conclusive:

(1) The judgment was rendered under a system that does not provide impartial tribunals or procedures that are compatible with the requirements of the due process of law;

(2) * * * [T]he foreign court did not have personal jurisdiction over the defendant.

(3) The foreign court did not have jurisdiction over the subject matter.

{¶22} R.C. 2329.92(A)(3) states that "A foreign country judgment shall not be recognized and enforced pursuant to [R.C. 2329.91] if the judge determines that * * * [t]he claim for relief on which the foreign country judgment is based is repugnant to the public policy of the state[.]"

{¶23} In *Samyang, supra,* the United States District Court for the Northern District of Ohio conducted an in-depth examination of Ohio's Foreign Money-Judgments Recognition Act. The *Samyang* court concluded that even though the Korean judicial system did not provide for the right to a civil jury trial under any circumstances, the foreign country judgment was enforceable in Ohio because the Korean judicial system had legal procedures that generally comported with notions of due process and basic fairness. *Samyang* at *6-*7. Unlike the Korean judicial system, the Canadian judicial system, like the American judicial system, does employ jury trials to resolve civil disputes. In this case, however, the parties appeared for a pretrial conference where the master decided that this matter could be resolved with a "summary trial" pursuant to Rule 76 of the Rules of Civil Procedure as set forth in the Ontario Courts of Justice Act. Rule 76 governs "Simplified Procedure."

{¶24} "Ohio law do[es] not contemplate that foreign judgments only become enforceable when exact Ohio[] procedures are followed. Instead, the statute concerns itself with

whether the foreign court offers a fair procedure generally compatible with the due process obligations of notice and opportunity to be heard." *Samyang* at \*6. "In affording jury trials in civil cases, the United States is the exception, not the rule." *Id*. at \*7. A foreign legal system that does not offer a jury trial in civil proceedings can comport with due process if notice and an opportunity to be heard by a neutral magistrate is permitted. *Id*., citing *Hilton v. Guyot*, 16 S.Ct. 139, 159 (1895). In setting forth this standard, the *Samyang* court adopted the reasoning espoused in *Society of Lloyd's v. Ashenden*, 233 F.3d 473 (7th Cir.2000), where Judge Posner wrote that the judicial processes of civilized nations should be deemed valid when "the foreign procedures are 'fundamentally fair' and do not offend against 'basic fairness.'" *Samyang* at \*6, quoting *Ashenden*, 233 F.3d at 476-477.

{¶25} Thus, while Restivo argues that the *Samyang* decision fails to recognize the place of the jury trial under Ohio law, Ohio does not require identical procedure in order for a foreign country judgment to be considered valid. "[P]rocedural differences alone are not grounds for setting aside a foreign judgment." *Burgan Express for Gen. Trading and Contracting Co. v. Atwood*, S.D.Ohio No. 2:12-cv-041, 2012 WL 4473210, at \*6 (Sept. 26, 2012). "[T]he overall thrust of Ohio and federal law concerning recognition of foreign judgments is that the foreign court's procedures must broadly comport with due process as defined in the United States. The procedures need not exactly mirror procedures of United States courts, provided the differences do not render the proceedings fundamentally unfair." *Id*. Moreover, while the Canadian judicial system does not precisely mirror the procedures in Ohio, we note that "the judicial systems of Canada and the United States are rooted in the same common law traditions." *Theunissen v. Matthews,* 935 F.2d 1454, 1462 (6th Cir.1991).

{¶26} As an initial matter, we note that while Restivo broadly asserts that the decision to hold a summary trial in this case was influenced by favoritism toward Weir Foulds, he may not challenge the foreign judgment by attempting to relitigate specific legal issues that arose during the foreign litigation. R.C. 2329.94(B) states that Ohio's Foreign Money-Judgments Recognition Act "shall be construed so as to effectuate the general purpose to make uniform the laws of the states that enact similar provisions." Allowing parties to collaterally attack foreign country judgments would undermine the purpose of the Foreign Money-Judgments Recognition Act. *Samyang* at *5, *citing Clarkson Co. v. Shaheen*, 544 F.2d 624, 631 (2d Cir.1976) ("A foreign judgment may not be collaterally attacked upon the mere assertion of the party that the judgment was erroneous in law or in fact, much less upon a mere assertion of fraud. ***"); Thus, in order to prevail on his claim that Ohio should not recognize the Canadian judgment, Restivo must demonstrate that the procedures available in the foreign legal system were fundamentally unfair and failed to even generally comport with American notions of due process.

{¶27} Restivo's central argument is that the Canadian judgment should be deemed invalid because he was not afforded a jury trial, thereby rendering the judgment unacceptable in light of both Ohio due process standards, as well as Ohio public policy. This argument is without merit. Ohio courts will recognize a foreign country judgment absent a right to a jury trial provided that the foreign court offered a fair procedure generally compatible with the due process obligations of notice and opportunity to be heard. *Samyang* at *7. Pursuant to the summary trial procedure set forth in Rule 76, each party is provided with an opportunity to present evidence, as well as challenge any evidence offered by a party opponent. After the presentation of evidence, each party is permitted to make an oral argument prior to the time the

judge renders judgment. Restivo has failed to explain how the summary trial procedure in the Ontario Superior Court of Justice is not a fair procedure which generally comports with basic notions of due process. Under these circumstances, we cannot say that the trial court erred in concluding that the procedures available to Restivo in the Canadian court were sufficient to render the foreign country judgment final, conclusive, and enforceable under R.C. 2329.91.

{¶28} The first and second assignments of error are overruled.

III.

{¶29} Restivo's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS IN JUDGMENT ONLY.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

GERALD W. PHILLIPS, Attorney at Law, for Appellant.

BRIAN T. MCELROY, Attorney at Law, for Appellee.